JAMES P. CONNER et al., Executors, etc., Appellants, *v.*
MARTIN J. KEESE et al., Respondents.

Where a material averment of a complaint is admitted by the answer and
sought to be avoided by allegations of new matter, the affirmative of
the issue is with the defendant, and to sustain the defense he must
prove his allegations; if he fails so to do, the averment of the complaint
stands admitted.

(Argued March 21, 1887, decided April 19, 1887 )

THE following is the opinion in this action ·

"This action was brought by William C. Conner, sheriff of the county of New York, in his lifetime, against one of his deputies and the sureties of such deputy on his official bond given to the sheriff  The sheriff having died, the action has been continued in the name of his executors

"The condition of the bond was such as, among other things, to render the sureties of the deputy liable for any damage the sheriff should sustain by reason of any false return which the deputy might make to any process delivered to him for execution.  The breach alleged was, in substance, that an execution in an action of replevin, for the return of the replevied chattels to the defendant, was issued to the sheriff and by him delivered to his deputy, Keese, for enforcement, and that the deputy made a false return to said execution that the chattels could not be found, by reason of which false return judgment had been recovered against the sheriff, which he had paid with costs, etc.

"On the trial the plaintiffs proved the issuing of the execution.  Its delivery to the deputy Keese was admitted.  The return that the chattels could not be found, etc., signed with the name of the sheriff, and the recovery of judgment against the sheriff for the falsity of this return were also proved.  For the purpose of binding the deputy and his sureties by this judgment it was shown that he was a witness on the trial of the action against the sheriff for the false return, and also, that by the express terms of the bond they waived notice of any action brought against the sheriff for any misfeasance or non-feasance on the part of the deputy, and covenanted that a recovery against the sheriff in any such action should be conclusive evidence of their liability for the full amount recovered.

"There remained but one link to be supplied in the chain of facts necessary to establish the liability of the defendants. That was that the return, for the falsity of which the sheriff had been compelled to pay damages and costs had been made by the deputy, or on his report to the sheriff or under sheriff.

"That essential fact was not established by the evidence adduced on the trial of this action, and on that ground the

plaintiffs were nonsuited    As to the defendant Johnstone, the nonsuit was clearly right, for by his answer he put in issue all the facts alleged in the complaint bearing upon that question.    The opinions of the majority of the General Term are clearly right so far as that defendant is concerned.    But as to the defendants Campbell and Keese the case is different.    By their answers they expressly admitted that the return was made by the deputy Keese.    The complaint alleges that Keese made the return, and that it was false, by reason whereof the sheriff was made liable.    The answer of defendant Campbell, after admitting the formal allegations of the complaint, setting forth that the plaintiff was sheriff ; that he appointed Keese one of his deputies ; the execution of the bond sued upon, and the waiver of notice therein contained; denied the other allegations of the complaint only so far as not thereafter specifically admitted, qualified or denied, and then proceeded to aver that the deputy Keese was willing and desirous faithfully to execute the process confided to him for execution, but that a third party claimed title to the property and was in possession thereof, and that he made the return for which the sheriff was sued, under instructions from the under-sheriff to consult the counsel of the sheriff and to follow their advice in respect to levying upon the property; that such counsel having advised him not to execute the writ, but to make return that he could not find the property, he did make such return contrary to his own judgment, but under the express direction of the sheriff through his counsel.    The answer of the defendant Keese was to the same effect, though less particular and explicit in detail.

" Of course, if the matters thus set up in defense had been proved, they would have afforded a complete justification for the action of the deputy, and would have absolved him and his sureties from any charge of misconduct which could have rendered them liable upon the bond.    But no such proof was given or offered, and the defendants, on the trial of this action, rested their defense solely and singly upon the point that it had not been proved that the deputy made the return which was found to have been false, and on that sole ground the General Term sustained the nonsuit.

"We do not think that, as to the defendants Campbell and Keese, that fact was in issue, and that the counsel for the appellants is right in his contention that it was admitted by the pleadings. The answers of those defendants were in confession and avoidance, as would have been said of a like pleading under the common law system, and should be held now, so far as the substance is concerned. They admitted that the deputy made the return which rendered the sheriff liable, but set up as a justification that they did so pursuant to the direction of the sheriff himself, through his authorized agents. The affirmative of that issue was with them, and to sustain their defense, it was necessary that they should prove their allegation. If they failed to do so the averment of the complaint stood admitted.

"The case is devoid of any evidence throwing light upon the merits of the case, and we must decide it on the record.

"The judgment should be affirmed, with costs, as to the defendant Johnstone, and reversed as to the defendants Campbell and Keese, and a new trial ordered as to them, with costs to abide the event."

*Henry Thompson* for appellants.

*George W. Stephens* for respondents.

RAPALLO, J. reads for affirmance as to defendant Johnstone, and for reversal as to defendants Campbell and Keese, and a new trial ordered as to them.

All concur.

Judgment accordingly.