NEIVEL REALTY CORPORATION, Plaintiff, *v.* PRUDENCE BONDS CORPORATION, Defendant.

Municipal Court of New York, Borough of Queens, First District, April 26, 1934.

*Allan D. Emil,* for the plaintiff.

*Louis S. Posner,* for the defendant.

O'ROURKE, J.   This case was tried upon an agreed statement of facts.   The defendant contends that the court is precluded from considering the facts because, heretofore, plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice was denied by one of the justices of this court.   It is urged that, upon the aforesaid motion, there was no disputed question of fact; that the denial of the motion established the law of the case and is an adjudication of the sufficiency of the defense, which, by the agreed statement of facts, is conceded to be true.

In order to succeed on a motion for summary judgment under rule 113, the plaintiff is required to present an affidavit, subscribed by one having knowledge, " setting forth such evidentiary facts as shall establish the cause of action sufficient to entitle plaintiff to judgment, and his belief that there is no defense to the action." The motion will be granted " unless the defendant by affidavit, or other proof, shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend."   The denial of a motion for summary judgment under rule 113 merely determines that a fact issue is involved.   (*Standard Accident Insurance Co.* v. *Marks,* 233 App. Div. 466.)   If the defendant presents a defense which is " fairly arguable," summary judgment may not be awarded.   (*Dwan* v. *Massarene,* 199 App. Div. 872, 880.)

The general rule is that only a final judgment upon the merits prevents further contest upon the same issue between the same parties.   (*Brown* v. *Cleveland Trust Co.,* 233 N. Y. 399, 405.)   Of course, there may be instances where the decision of a motion establishes the law of the case.

However, my view is that this case must be determined by the record of the trial (the agreed statement of facts), unaffected by any preliminary motion which happens to be among the filed papers, but which forms no part of the trial record.   Obviously, where a case is submitted upon stipulated facts, the court may not consider anything but the agreed statement of the facts.

Nevertheless, I have examined the papers on the motion for summary judgment, and find that the plaintiff's moving papers were fatally defective, in that there was no allegation therein of the belief of the affiant " that there is no defense to the action."   The motion may have been denied upon that technical ground, without a consideration of the merits.   I, therefore, hold that the order deny-

ing plaintiff's motion for summary judgment presents no bar to a determination of the merits of this action.

The agreed statement of facts discloses the following: Plaintiff is the owner of five " First Mortgage Collateral $5\frac{1}{2}\%$ Prudence Bonds," with coupons attached thereto, which matured on October 1, 1933. Each coupon (except for its number) reads as follows:

" On the first day of Oct., 1933, Prudence-Bonds Corporation Will pay to bearer, on the surrender of this coupon Twenty Seven Dollars and Fifty Cents, ($27.50) at either of its offices in the Boroughs of Manhattan or Brooklyn, City and State of New York, at the option of the holder, being six months' interest then due on its first mortgage collateral $5\frac{1}{2}\%$ bond, unless such bond shall have been called for previous redemption.

> " Fifth Series No.
> " 5M — 1209
> " Frank Fox, Treasurer 16."

Plaintiff now brings this action to recover upon these five coupons. The coupons were duly presented for payment, and payment was refused.

It appears that the relationship between the defendant herein, Prudence Bonds Corporation and the Prudence Company, Inc., is brought about in the following manner: The Prudence Company, Inc., lends money on real estate mortgages, which it assigns to the defendant herein under a certain trust indenture. The defendant, in consideration therefor, issues its bonds in serial form to the Prudence Company, Inc., which, in turn, sells the bonds of this defendant to the public, with the added guaranty of the Prudence Company, Inc., affixed. Each of the bonds refers to the trust indenture for " the nature of the securities constituting the trust fund, the rights and remedies of the Trustee and the respective holders of said Prudence Bonds," and " the terms and conditions under which said bonds are secured, issued and guaranteed." Each bond also provides that, " by the acceptance of the within Bond, the holder thereof agrees to all the terms and conditions of this guarantee and to all the provisions and conditions of the said Trust Agreement, including those limiting the exercise by the Trustee of rights and remedies thereunder upon default."

The trust indenture is a separate instrument. It is not attached to the bond. It contains provisions limiting the right of the bond-holder or coupon holder to institute suit upon any bond or coupon unless the holder " shall previously have given to the Trustee written notice of an existing event of default under which it may take action and of continuance thereof and unless also, the holders

of at least twenty-five per centum in amount of the said Prudence-Bonds then outstanding shall have made written request upon the Trustee and shall have afforded to it reasonable opportunity to proceed itself to exercise the powers herein granted and shall have tendered to it satisfactory indemnity." It is further provided that the individual owners of the bonds or coupons shall not have any right, in any manner whatever, to affect the lien of the trust agreement by an action to enforce any right thereunder, except in the manner therein provided; and that, by the acceptance thereof, the bondholder or coupon owner " waives all rights at law or in equity inconsistent with the provisions thereof."

The plaintiff did not comply with the foregoing conditions of the trust agreement, prior to the institution of this action.

The agreed statement further shows that the Superintendent of Banks of the State of New York on March 16, 1933, issued an emergency measure, which is still in effect, forbidding the Prudence Company, Inc. (not the defendant), from making payment of principal or interest due under guaranties and collateral trust bonds, unless payment was actually received upon the mortgages securing the bonds; and, further, that the Prudence Company, Inc., has received no sums of principal or interest from the mortgagors upon the respective mortgages securing the plaintiff's bonds and coupons.

There is no claim, however, that the regulations of the Superintendent of Banks in any wise affect the defendant, Prudence Bonds Corporation.

The substantial contention of the defendant is that the plaintiff cannot successfully maintain this action because of its failure to comply with the provisions of the trust agreement above set forth. Similar questions have been presented in various recent cases. (See *Cunningham* v. *Pressed Steel Car Co.*, 238 App. Div. 624; *Goodjon* v. *United Bond & Building Corporation*, 226 id. 137; *Lubin* v. *Pressed Steel Car Co.*, 146 Misc. 462; *Graglia* v. *Chambrook Realty Co., Inc.*, 143 id. 450; *Mitchell* v. *Madison Avenue Offices, Inc.*, 147 id. 149; *Rudick* v. *Ulster & Delaware R. R. Co.*, Id. 637; *Perry* v. *Norddeutscher Lloyd*, 150 id. 73.)

In the absence of any contrary determination by the Court of Appeals or by an appellate court in this judicial department, I am constrained to follow the *Cunningham* and *Goodjon Cases* (*supra*).

In *Cunningham* v. *Pressed Steel Car Co.* (238 App. Div. 624, at pp. 626, 627), the late Justice SHERMAN, speaking for an unanimous court, said: " We do not find that the reference to the indenture constitutes a bar to the maintenance of this action. The covenant in the bond that defendant will pay the principal amount thereof on January 1, 1933, is absolute on its face. The reference to the

indenture did not fairly place the bondholder on notice of any restriction upon defendant's obligation to pay at maturity, so as to preclude action at that time by individual bondholders to sue for and collect the principal. * * * If there was to be a restriction upon defendant's obligation to pay at maturity, then the bondholder was entitled to receive notice thereof in reasonably clear language expressed on the face of the bond. The mere reference to the indenture for a statement of the rights of the holders is not enough to take away by implication, drawn from another instrument, plaintiff's right to sue upon defendant's positive acknowledgment of an unconditional promise to pay the debt.

" There being no definite restrictive language in the bond which inhibits the bondholder's right to enforcement of the obligation at maturity, any inconsistency between the bond and the indenture must be construed in favor of the bondholder. [Citing authorities.] The logic of this principle was well stated in *Rothschild* v. *Rio Grande Western R. Co.* (84 Hun, 103, 110; affd., 164 N. Y. 594), where the court said: ' The provisions of the bonds meet the eye of the purchaser and are designed by the corporation to influence their sale, and they cannot be nullified by an inconsistent provision contained in the trust deed.'

" Defendant's primary covenant to pay at maturity contained in the bonds themselves is not qualified by the collateral promises and agreements of defendant mentioned in the indenture. The bondholder's remedy to proceed on the primary obligation is separate and distinct from the right to enforce the collateral promises of the indenture. In the bonds before us there is no reference recital which expressly conditions defendant's promise to pay at maturity by the terms of the indenture."

I consider this case determinative of the question here involved, although the language in the respective bonds is slightly different. (See, also, *Enoch* v. *Brandon*, 249 N. Y. 263.)

In the case at bar each coupon contains an unconditional promise to pay upon a specific date. The explicit and unequivocal provisions thereof may not be disregarded merely because reference is made in the bonds (not in the coupons) to the terms of a trust indenture.

Nor can the defendant be relieved of its obligations to pay, because the plaintiff's right to enforce payment from the Prudence Company, Inc., is restricted by the regulation of the Superintendent of Banks.

As was said in *Klinke* v. *Samuels* (240 App. Div. 1008): " The defendant's collateral engagement, an absolute guaranty, is a separate and independent contract involving duties and imposing respon-

sibilities different from those created by the original contract. It may be enforced independently of the bond and mortgage to which it is collateral."

Upon similar principles, the defendant's primary obligation under the coupons may be enforced independently of the guaranty of the Prudence Company, Inc.

Judgment is, therefore, rendered in favor of the plaintiff for the sum of $137.50, with interest from October 1, 1933.