JOSEPH C. SWENSEN, Respondent, v. JAMES DA CRUZE et al., Appellants.—

Oral representations made prior to the execution of an agreement for the purchase and sale of real property are deemed merged in the written contract. The alleged oral representations made thereafter are without consideration. (*Strauss* v. *Levitt & Sons*, 244 App. Div. 739; *Eighmie* v. *Taylor*, 98 N. Y. 288.) Carswell, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ., concur. [See *post*, p. 758.]

HELEN G. VAN DEN BOS, Respondent, v. PAUL J. VAN DEN BOS, Appellant.—

The papers disclose a controversy as to the essential fact, and it should not be resolved on affidavits. Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.

JACOB M. WHITMAN, Respondent, v. NANCY M. WHITMAN et al., Appellants.

The modification by the court of the judgment of separation which had been granted in favor of the wife prior to her procurement of the Nevada decree of divorce, which modification eliminated from the judgment the requirement that the plaintiff in the instant action pay for the support of the wife, cannot support the claim that the court thereby made a binding adjudication that the Nevada divorce and the ensuing remarriage were valid, even though the court might have granted such modification under the belief that the stated foreign decree and the remarriage were valid. Section 1172-c of the Civil Practice Act makes it mandatory for the court to eliminate provisions for support of a wife in a judgment of divorce in her favor or in a judgment annulling a marriage or declaring its nullity. That section has no application to a judgment of separation. Provisions for support in a judgment of separation may be annulled pursuant to section 1170 of the Civil Practice Act, but this section does not require the court to make any finding as to the validity of a foreign decree of divorce or of a remarriage by one of the parties. Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.