.Mario Pittoíti, J.
The plaintiff moves: (1) to strike the first affirmative defense in the answer on the ground that there is an existing final judgment of a court of competent jurisdiction, rendered on the merits and determining the same cause between the parties, pursuant to subdivision 5 of rule 110 of the Buies of Civil Practice, and on the further ground that it is sham and frivolous, pursuant to rule 103 of the Buies of Civil Practice ; (2) to strike the second and third affirmative defense on the ground that they are insufficient in law, pursuant to rule 109, and also on the ground that they are sham and frivolous, pursuant to rule 103; and (3) to strike the fourth affirmative defense, pursuant to rule 103.
The motion in respect to the first defense is denied. The order of this court dated December 13, 1960 merely denied summary *934 judgment. An order denying summary judgment only decides that a question of fact exists for determination at a trial (Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 394, 404; Falk v. Goodman, 7 N Y 2d 87, 91). It does not establish the law of the case any more than the granting or denial of a temporary injunction. In Walker Mem. Baptist Church v. Saunders (285 N. Y. 462,474), it was held that on a trial of an action where a temporary injunction bad been granted the issues must be tried as if no temporary injunction had been allowed, Clearly, the denial of summary judgment in this ease was not a final determination on the merits (5 Carmody-Wait, New York Practice, p. 169 and cases cited therein; Neivel Realty Corp. v. Prudence Bonds Corp., 151 Misc. 737). Thus, neither the doctrine of res judicata nor that of the law of the case is applicable, because the order denying summary judgment lacked the quality of finality and was not a conclusive adjudication precluding further consideration of the issues (Rager v. McCloskey, 305 N. Y. 75, 78).
However, the motion in respect to the second and third affirmative defenses is granted, not pursuant to rule 103, but according to rule 109. The defendant has alleged in these affirmative defenses that the plaintiff breached the separation agreement by living in immoral and adulterous relationship with another man. However, the contract contains no provision in this respect; and in an action such as this for money due under a separation agreement it has been said: i( This is not a matrimonial action, but an action upon a contract. In such an action an allegation of adultery is not a defense ’ ’ (Davis v. Davis, 8 A D 2d 566 [3d Dept.]; also Galusha v. Galusha, 116 N. Y. 635, 644-645; Mohrmann v. Kob, 291 N. Y. 181, 186-187).
The motion in respect to the fourth defense, pursuant to rule 103, is denied. The allegation that the plaintiff has since September 1957 been married to another man is not, on the basis of documents presented, sham or frivolous, nor does it involve the other standards recited in rule 103,
An observation is made that the plaintiff did not aid the court on this motion by merely making a passing reference to the language of a prior decision of this court, without taking pains to submit a brief, Nor did the defendant help by submitting a 31-page brief, which was in the main a caustic criticism of the same prior decision, instead of adhering to the issues of this motion,