Thomas A. Aurelio, J.
Pursuant to an order of this court, plaintiff’s motion for leave to enter judgment for arrears in alimony and defendant’s cross motion to modify judgment of separation to eliminate payment of alimony on the ground of a change in the financial circumstances of the parties and because of plaintiff’s adulterous and immoral conduct were referred to Hon. Jacob Marks, Official Referee, to hear and report, together with his recommendations as to the factual issues raised on both motions. After several hearings, the Referee recommended that plaintiff’s motion be granted and defendant’s cross motion be denied.
Plaintiff now moves to confirm the Referee’s report and defendant cross-moves to disaffirm.
The Referee found that the evidence failed to support defendant’s claims of plaintiff’s immoral conduct.
In this court’s opinion, even if the evidence did substantiate defendant’s charges, it would not defeat or impair her right to enforce the direction for the payment of alimony under the judgment of separation, in the absence of any statutory authority granting the husband relief from the payment of alimony *891 because of the wife’s immoral conduct subsequent to a judgment of separation.
Section 1172-c of the Civil Practice Act, which provides for the modification of the alimony provisions of judgments granted in actions for divorce or annulment, where the wife is “ habitually living with another man and holding herself out as his wife ”, does not aid the defendant. Said section is not applicable to a judgment of separation (Whitman v. Whitman, 279 App. Div. 611).
Section 1171-b of the Civil Practice Act provides for the entry of a money judgment where “ the husband * * *
makes default in paying any sum of money as required by the [matrimonial] judgment * * # the court in its discretion
may make an order directing the entry of judgment for the amount of such arrears, or for such part as justice requires having regard to the circumstances of the respective parties
The clause “ circumstances of the respective parties ” has been held to be limited to the economic conditions of the parties (Di Giacomo v. Di Giacomo, 149 N. Y. S. 2d 448, 450). Pecuniary circumstances, not moral character, are the determining factors. Thus, the wife’s subsequent misconduct is not such “ a change of circumstances ” so as to endanger the judicial provision for her maintenance.
As to defendant’s claim for the reduction of alimony based on a change of his financial circumstances, the Referee denied the relief requested because of defendant’s failure to appear as a witness or offer any testimony therein.
The record discloses that the Referee excluded, and properly so, certain financial statements and income tax returns offered in evidence by the defendant to establish his defense of a change in his financial circumstances.
It further appears that because of these adverse rulings defendant’s counsel requested leave to take the testimony of the nonresident defendant, as to his financial status, by an open commission. The Referee denied the motion on the ground that belated application was not made in good faith. As a result, no evidence was adduced as to the financial circumstances of the recalcitrant husband.
As the judgment sought to be entered is substantial in amount covering a period of six years, and upon all of the circumstances herein, it would be an improvident exercise of this court’s discretion to allow the entry of judgment for the entire arrears in alimony without allowing the husband an opportunity to establish his defense of changed circumstances. Leave is therefore granted to the defendant to take his deposition by an open *892 commission, concerning and limited to Ms financial status and upon the condition that said defendant defrays all expenses, including a fee for the attendance of plaintiff’s counsel, together with traveling and other expenses involved, and that the defendant shall submit to such examination within three weeks from the date of the entry of the order to be entered hereon. Upon the filing of the deposition, the matter is referred to Hon. Jacob Marks, Official Referee, to further hear and report, together with his recommendations, as to defendant’s financial condition and Ms ability to make the alimony payments. Pending the coming in of the further report, the disposition on the original motions is held in abeyance. Accordingly, the motion and cross motion on the Referee’s report are denied.