Samuel H. Hofstadter, J.
The'defendant’s former wife has brought this action to recover payments for her support under a separation agreement The parties were married on April- 4," 1954; two children were born of the marriage. The separation agreement entered into on December 21, 1959 gave the custody of the children to the wife and bound- the- defendant husband to pay the plaintiff $30 per week for her support and $20 per week for the support and education of each of the children and in addition certain medical expenses for the children. The agreement provided that if the parties were divorced the payments, to the wife should continue until her remarriage and then foréver cease,- -but all its other provisions should survive such manriage. It provided further that it might be incorporated in any divorce decree obtained by either party, but that it should nevertheless survive a divorce. In March, 1960 the husband obtained a divorce in Alabama; the decree incorporated the separation agreement. The payments for the children are not here in issue. The defendant' in January, 1961 ceased to make the stipulated payments for the wife and in this action commenced in February, 1963 the plaintiff sues to -recover the- weekly payments of $30 for her support since February 2, 1961.
After trial, the Justice below dismissed the complaint on the ground that the provision of section 248 of the Domestic Relations Law which authorizes the court to annul the directions for the wife’s -support contained in final judgments and orders with respect thereto in certain matrimonial actions on proof that the wife “ is habitually living-with another man and holding herself out as -his wife ” barred recovery. There was evidence below that the plaintiff and another man shared a bedroom together in the home in which she lived with-her children and that he contributed'towards the expense of maintaining the household, We assume‘that this evidence was sufficient to support the finding below that the plaintiff was habitually living with the other man and holding herself Out as his wife, though the proof-did not show that the relation, whatever its nature, commenced before the- defendant discontinued his payments for -the wife’s support. In the view we take of the case-it is unnecessary-to determine the exact nature of the relation or its duration, so long as it is not matrimonial. It is not claimed that the plaintiff has remarried and this alone, in our judgment, is dispositive of the issue. ‘ . - - - •
*695 Section 248 of the Domestic Relations Law is verbatim section 1172-c of the Civil Practice Act. The latter section was previously section 1159 of the Civil Practice Act and was limited to an action for divorce brought by the wife and a final judgment rendered therein in her favor. Section 1159 of the Civil Practice Act then so limited, was amended by chapter 161 of the Laws of 1938, by adding a provision substantially the same as the second sentence of section 248 of the Domestic Relations Law, confined necessarily to a final judgment of divorce in the wife’s favor. By chapter 226 of the Laws of 1940, section 1159 of the Civil Practice Act was renumbered to become section 1172-c and amended to apply to an action for divorce or for annulment or for a declaration of the nullity of a void marriage brought by a husband or wife and to a final judgment in such action. Section 1172-c of the Civil Practice Act as so amended in 1940 remained unchanged and, as above stated, is now section 248 of the Domestic Relations Law. Its second sentence, relied on below for the results reached, permits the court “ in its discretion ” to modify a final judgment of divorce in favor of the wife or a final judgment annulling the marriage or declaring its nullity, and any orders with respect thereto, by annulling the provisions of such final judgment or orders or both directing payment of money for the wife’s support “ upon proof that the wife is habitually living with another man and holding herself out as his wife ”. We have here no broad or all-inclusive declaration of policy. In the first place, the provision applies only to a final judgment of divorce or one annulling the marriage or declaring its nullity. In the next place, in contrast with the earlier mandate of the section that on proof of the wife’s remarriage the court must annul the support directions of such a judgment, it is here provided that the court “ in its discretion * * * may modify such final judgment ’ ’ by striking its support directions. The difference is significant and obviously purposeful; clearly the relation described was not of itself enough to require the deletion of the support provisions. The equities of the particular case were to be weighed and a determination made in the exercise of judicial discretion. The court below did not so read the statute. It treated it as an absolute and inexorable pronouncement of policy which imposed on the plaintiff the forfeiture of all right of support under the separation agreement. The policy so read into the statute is basically hostile to Its discretionary character.
Since section 1172-c of the Civil Practice Act did not apply to a judgment of separation, proof that the wife was habitually living with another man and holding herself out as his wife was *696 held not to warrant the annulment of the directions for her support contained in a judgment of separation (Whitman v. Whitman, 279 App. Div. 611; Morris v. Morris, 31 Misc 2d 890). The policy asserted by the defendant to underlie the section did not expand its scope beyond its terms and, therefore, it was ruled that the court was without power to strike the support directions from its own judgment. Here the defendant asks the court to strike the support provisions from the separation agreement.
It has long been the law that, in the absence of express provision to that effect, the wife’s adultery is not a defense to her action to recover support payments under a separation agreement (Fearon v. Earl of Aylesford, 14 Q; B. D. 792; Randolph v. Field, 165 App. Div. 279, 283; Davis v. Davis, 8 A p 2d 566; Snelwar v. Snelwar, 27 Misc 2d 933).
Mohrmann v. Kob (291 N. Y. 181 [on pleadings] and 182 Mise. 571 [on trial after the Court of Appeals decision]), forcefully illustrates the doctrine so declared. The action was brought by the wife against the committee of the husband, who had been adjudged incompetent, to recover arrears due for many years under the separation agreement. The agreement provided that if the wife committed any act which entitled the husband to a divorce under the laws of New York then upon such divorce being obtained ‘ ‘ the provisions herein shall be null and void ’ ’. The committee sought to defeat the action by pleading that the plaintiff had for many years been living in open and notorious adulterous relationship with a man other than her husband and that several children were the issue of this relationship, which still continued. It was held that under the agreement liability continued until the husband actually obtained a divorce and that neither his own incapacity nor the committee’s ineligibility to sue for divorce on his behalf excused the failure to secure a divorce. The court was powerless to rewrite the agreement which the parties had made. The case was decided in the Court of Appeals in 1943 and by the trial court in 1944, when the provision of Civil Practice Act, section 1172-c on which the decision below is grounded had already been on the statute books several years.
Even the wife’s remarriage is not a bar to her right to recover support payments under a separation agreement which does not provide for termination of the payments on her remarriage. Gush v. Gush (14 Misc 2d 146, affd. 9 A D 2d 815) is such a case. The separation agreement bound the husband to make periodic payments to the wife during her life. The agreement was made in August, 1952 and in November, 1952 the wife obtained a divorce in this State; the agreement was incorporated in the *697 judgment. The agreement provided that it should not be merged in any judgment or decree of divorce, but should survive the same. On the wife’s remarriage in 1957 the court pursuant to section 1172-c of the Civil Practice Act, struck the alimony provisions from the judgment. She then sued to recover payments due under the separation agreement and the same Justice who had annulled the alimony directions of the divorce judgment granted summary judgment in her favor. Both Special Term and the Appellate Division in affirming rejected the contention that recovery ran counter to public policy.
In other cases where the wife has sued to recover moneys payable under a separation agreement which survived the divorce of the parties and did not cut off the payments on the wife’s remarriage, she has been allowed recovery, notwithstanding her remarriage (Graham v. Hunter, 266 App. Div. 576; Wersinger v. Cook, 187 Misc. 1059; Rosenbloom v. Rudd, 31 N. Y. S. 2d 821);
It follows from the foregoing authorities that, in the absence of provision in the separation agreement, terminating the payments to the wife or former wife, as the case may be, for her misconduct or upon her remarriage, she may recover the same, notwithstanding the nonconformity of her mode of life with conventional standards or her remarriage. Her right to collect the moneys which are payable under an agreement remains unimpaired — it is not nullified by public policy. Its terms have been written by the parties — the court may not rewrite them.
Gaines v. Jacobsen (308 N. Y. 218, affg. 283 App. Div. 325) is not to the contrary. The agreement in that case expressly provided that the financial benefits to the wife should cease on her remarriage. She did remarry and by doing so lost the benefits, although the remarriage was later annulled at her instance for invalidity, by reason of the infirmity of the Nevada divorce obtained by her second husband from his former spouse. Under the agreement, as construed, the termination of the benefits was dependent on the fact of remarriage and not its validity or duration. The court distinguished Sleicher v. Sleicher (251 N. Y. 366) and stressed that since Sleicher, section 1140-a of the Civil Practice Act had been amended to permit the award of alimony to a wife who was plaintiff in an action to annul a marriage. Whatever was said by the courts must be read in this context.
Of course, Gaines has no application here, for the plaintiff has not remarried and there is no claim that she has. When there is a remarriage, the wife has the legal right to support by her new husband. Yet, as we have seen, the remarriage does not bar recovery under a separation agreement unless it so provides. The plaintiff, as stated, has not remarried and, so far as the *698 record discloses, has no claim on the man whose presence in the household the defendant argues frees him of the duty, to continue the payments to the plaintiff. The separation agreement does not relieve him of this duty. The equities in the defendant’s favor were far more compelling in Mohrmann v. Kob (291 N. Y. 181, supra) than here. The defendant there was nevertheless held liable because the court lacked the power to make a new agreement for the parties. It is equally so here.
The other cases cited by the defendant need no specific comment; they all dealt with remarriage and are, therefore, inapposite. , , i
The other defenses of modification of the separation agreement and its illegality as in violation of section 51 of the Domestic Relations Law (now General Obligations Law, § 5-311) were not sustained. While the plaintiff in her brief in this court discusses these defenses the. defendant has not done so and urges affirmance on the single ground that section 248 of the Domestic Relations Law and public policy forbid recovery. Possibly he has abandoned the other defenses. In any case, study of the record persuades us that none of the defenses has been established. The claim of modification rests entirely on the defendant’s own unilateral acts in discontinuing the payments. There is no proof or finding of the plaintiff’s concurrence or assent. The defenses of illegality predicated on what was said about divorce and on the provision regarding visitation by the defendr ant rest wholly on surmise. There is no substantial proof to support a finding of illegality.
Since the defense based on section 248 of the Domestic Relations Law is found to be untenable, the judgment must be reversed and judgment granted to the plaintiff-.
The judgment should be reversed, with $30 costs and judgment directed for appellant as demanded in the complaint, with costs.
Hecht, J. P., und Tilzer, J., concur.
Judgment reversed, etc.