Paul J. Widlitz, J.
In 1958, the City of Glen Cove (City) initiated a modernization program in the downtown shopping centers. As part of the program, the Long Island Lighting Company (LILCO) removed the overhead electric wires and installed them underground under the sidewalks. In anticipation of this work, the City, contemplating a widening of the streets, negotiated by written memoranda an agreement whereby the City agreed to repave the sidewalks necessarily broken by the work of LILCO and was to receive therefor the sum of $25,000. The repavement by the City was to be accomplished within 90 days after LILCO completed the underground installation and patched the areas of broken sidewalk.
By letter dated February 18> 1959 LILCO advised the City that it had completed the underground installation and that the City could go forward with the construction of new walks as planned. The City failed to do the repaving of the new walks within the 90-day period as agreed.
On January 13, 1960 LILCO advised the City that the repaving had not been done; that a woman had suffered injury by reason of a fall on the sidewalk along the route of the underground installation; and that she was advised to make claim against the City. Subsequently, on July 11,1960 a Mrs. Florence *770 McEwen fell on a portion of the patched area and defective sidewalk and sustained very serious injuries. An action in tort was commenced by her and her husband against LILCO and the City jointly. At the time of trial and on the City’s motion for judgment at the end of the plaintiff’s case, the complaint was dismissed against the City because of the technical failure of the plaintiff to prove prior written notice to the City of the dangerous condition of the sidewalk. (See General Municipal Law, § 50-g.) The action continued against LILCO and judgment was recovered by that plaintiff against LILCO for $15,761.25, which judgment was sustained by the Appellate Division.
In the cause at bar, LILCO now seeks to recover the amount of the aforesaid judgment from the City as an element of damage, contending that the City’s failure to repave, as contracted to by the parties, amounted to a breach ex contractu. The City’s answer consists of: (1) denials of the essential allegations of the complaint; (2) an affirmative defense of indemnity; (3) an affirmative defense of active negligence on LILCO’s part and only passive negligence on the City’s part; and (4) an affirmative defense of Statute of Limitations.
Both parties admit and the court finds that there existed a contract between LILCO and the City to repave the sidewalks where required and that the City failed to perform according to its promise within 90 days after notice given by LILCO that it had finished the installations of the underground cables and had patched the area. The court further finds that the unjustified failure to perform its promise was a contractual breach for which the City is answerable in damages (Restatement, Contracts, § 314; Swain v. Schieffelin, 134 N. Y. 471, 472). The question presented for this court’s consideration is whether a judgment in a negligence action by a third party may be recovered in an action for damages ex contractu.
As a general rule, the damages to which one party to a contract is entitled because of a breach thereof are those which fiow naturally from, the contractual breach and which reasonably may be inferred to be within the contemplation of the parties at the time of the consummation of the contract (Leonard v. New York, Albany & Buffalo Electro Magnetic Tel. Co., 41 N. Y. 544, 566). However, in a special instance and under special circumstances, a more liberal rule of damages may apply. By reason of special circumstances, damages which are within the contemplation of the parties are to be measured in terms of knowledge of the parties at the time of making the contract where it is shown that at the time of the making of contract the *771 defaulting party had knowledge of such special circumstances. With a 'broadening of the spectrum of contemplation, damages normally flowing from a breach of contract, in view of the special circumstances, are said to be within contemplation of the parties (Orester v. Dayton Rubber Mfg. Co., 228 N. Y. 134).
Where the existence of special circumstances, such as an existing duty of performance, is made known to the party at the time of the making of a contract, from which it might reasonably have been foreseen that nonperformance of the duty imposed by the contract would in turn cause a breach of the existing duty, and in fact there is a breach of the two contracts, the damages paid and expenses incurred for the failure of performance of the prior existing duty are the measure of the damages which the wrongdoer is held accountable for (Booth v. Spuyten Duyvil Rolling Mill Co., 60 N. Y. 487; Czarnikow-Rionda Co. v. Federal Sugar Refining Co., 255 N. Y. 33). This rule of ‘ ‘ special circumstance ” is a deduction from the traditional rule of damages as expressed in the landmark case of Hadley v. Baxendale (9 Exch. 341; 156 Eng. Rep. 145) and is based upon circumstances unique to the transaction, of which the wrongdoer had knowledge or should have had such knowledge. By his failure to perform his duty imposed, he becomes liable for the special loss which under ordinary circumstances might not normally flow from such breach. Such special circumstances are treated as within the contemplation of the parties and so constitute a proper basis for the assessment of damages (Barnes v. Brown, 130 N. Y. 372; cf. Chapman v. Fargo, 223 N. Y. 32).
At the time of the contractual arrangement between the parties, the City certainly was aware of the special circumstances that existed with the knowledge that temporarily patched sidewalks would be hazardous at best, especially with the passage of time, and that “ black patch ” is, as its name indicates, only a temporary placement not intended to withstand the ravages of weather or time. It should have been evident, furthermore, that upon the completion of its work and the temporary patching, control of those portions of the sidewalks under repair would pass exclusively to the City and that LILCO would thereafter not be in a position to correct any changing or deteriorating portions of the work brought on by the elements or otherwise. All these must be deemed special circumstances within the actual knowledge of the City and it is proper to assume that the City recognized that a breach of its obligation to repave could result in a special loss to LILCO in similar fashion as here occurred.
As to the City’s affirmative defenses, no evidence was offered at the trial; the City, resting at the close of LILCO’s case, has *772 failed to sustain its burden and the affirmative defenses must be dismissed (CPLR 3018; Conner v. Keese, 105 N. Y. 643).
However, some comment should be made on the argument of the City that the tortious nature of the prior McEwen judgment labeled the City and LILCO joint tort-feasors, and as such there exists no right of contribution or indemnification. This argument is seemingly buttressed by the City with its contention that at best it was passively negligent while the active negligence remained on the shoulders of LILCO. True it is that LILCO created the original dangerous condition in applying the temporary sidewalk, and its liability was a continuing one. But there came a time prior to the accident when LILCO completed its work and control of the sidewalks passed exclusively to the City. With the passing of control, the passivity that labeled the prior conduct of the City was transmuted to an active obligation of the City to maintain a safe place for pedestrians to walk. Any act of omission from that point of time forward labels the City an active wrongdoer (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447). However, the matter at bar pleads a cause of action on an express contract, and this court’s determination is based solely on a breach of that contract (Westchester Light. Co. v. Westchester County Small Estates Corp., 278 N. Y. 175).
Accordingly, the Clerk is directed to enter judgment in favor of the plaintiff against the defendant in the sum of $15,761.25, together with interest as demanded and the costs and disbursements of this action.