Seymour Boyers, J.
In this action, plaintiff seeks to recover unpaid alimony under a separation agreement entered into March 12,1969 between herself and the defendant. The marriage was subsequently terminated by a Mexican divorce obtained *463 by plaintiff on or about March 28, 1969. The separation agreement was not incorporated into the Mexican divorce decree.
The separation agreement provided, among other things, that the defendant would pay the plaintiff $85 per week as alimony during the parties’ lifetime and until the remarriage of the plaintiff, and that plaintiff was to have custody of the three minor children of the marriage, Jonathon (age 20), Avia (age 18), and Dorit (age 13). It is conceded that since October 15, 1970, the defendant has failed to pay the plaintiff the $85 weekly alimony due under the terms of paragraph 5 of the agreement. The total arrears, as of February 4, 1972, amount to $5,780.
Plaintiff concedes that she has been ‘ ‘ habitually living ’ ’ with one Henry Rosenberg, a man to whom she is not married and that the parties ’ three children reside with plaintiff and Mr. Rosenberg, and that the defendant has been paying for the support of the three children.
The defendant testified at the trial that he stopped paying alimony in October, 1970 upon discovery that Mr. Rosenberg had moved into the house in which his ex-wife and children resided. It was defendant’s further testimony that plaintiff failed to consult with him, and that they had no conversations concerning Mr. Rosenberg moving into the house occupied by plaintiff and the children.
The defendant interposed an answer which, ivder alia, offers four individual affirmative defenses: (1) breach of paragraph 19 of the agreement, (2) fraudulent inducement based on alleged oral representations of the plaintiff, (3) fraudulent inducement based on alleged misrepresentation by plaintiff as to the fairness of the support provisions for the children contained in the agreement, and (4) plaintiff is habitually living with one Henry Rosenberg, to whom she is not married, and allegedly holds herself out as Mrs. Rosenberg. That Mr. Rosenberg is supporting the plaintiff and that the provisions of the agreement between the parties providing for the payment of alimony are unconscionable and not enforceable.
Defendant, at the trial, withdrew the third affirmative defense and counterclaim and moved for leave to amend the second defense and counterclaim by adding to paragraph tl 6 ” the allegation that plaintiff made to defendant the representations contained in paragraph c ‘ 19 ” of the separation agreement, and by adding to paragraph “ 8 ” that it was plaintiff’s intention not to consult with defendant concerning Mr. Rosenberg’s moving into the home occupied by plaintiff and the children and *464 that it was not plaintiff’s prime concern that the children grow up properly. The motion was granted.
Defendant argues that the party who has breached a material term of a contract cannot recover payments due under that agreement. This well-established doctrine, it is argued further, applies as fully to separation agreements as to any other kind of agreement. (Duryea v. Bliven, 122 N. Y. 567; Blumberg v. Blumberg, 117 N. Y. S. 2d 906, affd. 280 App. Div. 987; Rosenblatt v. Birnbaum, 16 N Y 2d 212.)
The plaintiff, on the other hand, argues that a court may not modify or change a private contract, such as a separation agreement, for to do so is to impair the contract rights of the parties. (Stillman v. Stillman, 20 A D 2d 723.) In urging her argument, plaintiff cites Nichols v. Nichols (306 N. Y. 490), wherein the Court of Appeals stated (p. 496): “ The first and best rule of construction of every contract, and the only rule we need here, is that, where the terms of a written contract are clear and unambiguous, the intent of the parties must be found therein * * * The applicability, to separation agreements, of that fundamental rule, has been affirmed by this court on several occasions (Galusha v. Galusha, 116 N. Y. 635, 646; Stoddard v. Stoddard, 227 N. Y. 13; Schmelzel v. Schmelzel, 287 N. Y. 21).”
Paragraph “ 19 ” of the said separation agreement provides in full: “ The husband and wife agree that they will consult with each other as the occasion may require concerning the secular and religious education of the children and also in connection with any and all problems concerning the health, education and general welfare of the children, it being the prime concern of the parties that the children grow up properly.”
Defendant contends that plaintiff breached paragraph “19 ” by failing to consult with him concerning Mr. Rosenberg moving into the home occupied by plaintiff and the parties’ children. The defendant further alleges that “ even if the children had suffered little or no physical or emotional trauma as a result of the married father of their friends moving in to live with their mother and share her bedroom, such an action, by its very nature, so flaunted accepted morality, so changed the children’s relationship with their mother and required them to experience a new relationship with her paramour, as to constitute problems concerning the health * * * and general welfare specified in Paragraph ‘ 19 ’.”
It has long been the rule that the burden of establishing an affirmative defense rests upon the party asserting such defense *465 (Conner v. Keese, 105 N. Y. 643; Anderson v. Material Co-ordinating Agency, 63 N. Y. S. 2d 324); and the burden must be met by a fair preponderance of the evidence. (Parker v. Culler Furniture Co., 278 App. Div. 135.)
Plaintiff conceded at the trial that she did not consult with defendant prior to Mr. Rosenberg moving into the household. It was her position that no such consultation was ever intended by paragraph “ 19 ” or by any other clause in the agreement.
To buttress plaintiff’s position paragraph “ 1 ” of the agreement reads in part: “ The husband and wife shall continue to live separate and apart from each other, and each shall be free from interference, authority and control by the other, as fully as if he or she were sole and unmarried.” Paragraph “ 2 ” of the separation agreement reads in part: “ Neither of the parties shall interfere with the other in his or her respective liberty of action or conduct, and each agrees that the other may at any and all times reside and be in such place as he or she may choose
Since defendant was aware of the relationship between plaintiff and Mr. Rosenberg when the agreement was drawn up, he should have anticipated what followed by demanding a more explicit clause. He did not and this court cannot read into a clause that which the parties did not put into it. (Nichols v. Nichols, supra.)
Defendant raises a most novel argument in urging the contractual mandate for “ consultation ” as applied to the instant case by citing two recent decisions in support of his argument, Matter of Tinsley v. Monserrat (26 N Y 2d 110); and Forest Hills Residents Assn. v. New York City Housing Auth. (69 Misc 2d 42). These eases deal with legislation requiring a public body to hold a hearing. Defendant argues that hearing and consultation are analogous and the doctrine should be extended to include the private contractual obligation to consult in this case. The court cannot, however, agree with defendant’s conclusion. The cases cited by defendant hold that a hearing was necessary because the enabling legislation explicitly called for it. In. the instant case, however, the separation agreement is not explicit as to consultation prior to Mr. Rosenberg moving into the household. There is nothing in private contract law which requires consultation unless the agreement expressly so provides.
Moreover, defendant failed to meet his burden of proof that Mr. Rosenberg’s living with plaintiff in the household was an act creating ‘ ‘ problems concerning the health * * * and *466 * * * welfare ” of the children. Defendant offered no proof, other than his own testimony that Mr. Rosenberg’s presence created “ problems ” for the children. Neither the 20-year-old son nor the 18-year-old daughter testified. No competent medical evidence of alleged physical and emotional upset of the children was presented, nor was there any testimony to establish any causal relationship between Mr. Rosenberg’s presence and any emotional problems which may have existed.
Defendant’s claim that two of the older children were caused to undergo therapy as a result of Mr. Rosenberg’s presence in the household was not substantiated by independent, competent evidence. Moreover, on cross-examination, the defendant admitted that the two older children had previously been in therapy before Mr. Rosenberg arrived on the scene.
Defendant argues further that plaintiff’s action in having Mr. Rosenberg move into the household together with the children constitutes a breach of paragraph “ 19 ” as a matter of decisional law. The cases cited to support this argument do not deal with separation agreements, but deal with custody of young children, and are, therefore, inapposite.
It has long been the law that, in the absence of express provision to that effect, the wife’s adultery is not a defense to her action to recover support payments under a separation agreement. (Rosenberg v. Rosenberg, 46 Misc 2d 693.) Even the wife’s remarriage is not a bar to her right to recover support payments under a separation agreement which does not provide for termination of the payments on her remarriage. (Gush v. Gush, 14 Misc 2d 146, affd. 9 A D 2d 815, is such a case.)
The defenses that the separation agreement was induced by fraud, and that the provisions of the agreement within the facts of this case are unconscionable and unequitable, thus, unenforceable were not sustained.
Both parties were represented by counsel at the time the separation agreement was prepared and executed. The plaintiff denied ever making the representations which defendant claims were made. Courts oftentimes look to the adequacy of consideration to determine whether the bargain provided for is so grossly unreasonable or unconscionable as to be unenforceable according to its literal terms, but the inequality must be so strong and manifest as to shock the conscience and confound the judgment of any man of common sense. (Mandel v. Liebman, 303 N. Y. 88.) This court finds that as to these defenses the defendant has not met his burden of proof by a fair preponderance of the credible evidence.
*467 In the absence of a provision in the separation agreement terminating the payments to the plaintiff for habitually living with a man other than her husband, she may recover notwithstanding the nonconformity of her mode of life with conventional standards. Her right to collect the moneys which are payable under" an agreement remains unimpaired. It is not nullified by public policy. Its terms have been written by the parties — the court may not rewrite them. (Rosenberg v. Rosenberg, supra.)
The court dismisses the plaintiff’s second cause of action for counsel fees on the ground that it is not within the power of this court to grant counsel fees in this action. Moreover, there was no testimony by plaintiff or her counsel concerning counsel fees.
Accordingly, the court grants judgment in favor of plaintiff in the sum of $5,780, the amount stipulated as the arithmetic computation, with interest from October 15, 1970 on her first cause of action, and dismisses the cause of action for counsel fees.