■ MILDRED GUTMAN, Appellant, v MAURICE GUTMAN, Respondent.—In an action to recover a sum of money due and owing under a separation agreement, the plaintiff wife appeals from an order of the Supreme Court, Suffolk County, dated February 3, 1975, which, *inter alia,* (1) granted the branch of defendant's motion which was for a bill of particulars to the extent of directing plaintiff to furnish a bill of particulars stating how she computes the amount due her, and (2) failed to grant her cross motion (a) to strike the answer and (b) for summary judgment. Order reversed, with $50 costs and disbursements, plaintiff's motion for summary judgment for the relief demanded in the complaint, plus interest, granted, and defendant's motion denied. Pursuant to the terms of a separation agreement executed on February 7, 1973, defendant, *inter alia,* was to pay the plaintiff $100 per week for her support and maintenance so long as the parties had two children under the age of 21 years. Plaintiff's action is based upon defendant's failure to pay her the amounts due under this agreement. Defendant's answer consists of a general denial of the material allegations of the complaint. In his affidavit in opposition to plaintiff's cross motion to strike his answer and for summary judgment, defendant interposed a purported defense based upon his wife's cohabitation with another man to the detriment of the children's welfare. More specifically, his argument is based upon paragraph 7(d) of the agreement which, in relevant part, provides that

the parties "mutually agree that if either of them has knowledge of any illness or accident or other circumstances seriously affecting the health or welfare of the children, the Husband or the Wife, as the case may be, will promptly notify the other of such circumstances." Defendant argues that plaintiff's failure to advise him of her cohabitation with another man violates the above-quoted provision and is a substantial breach of the agreement, thereby relieving him of his obligation to make support payments. We disagree. It is well settled that a wife's adultery or similar misconduct is no defense to her action to recover support payments, absent an express provision to the contrary (see *Murray v Hassman,* 26 AD2d 647; *Davis v Davis,* 8 AD2d 566; *Rosenberg v Rosenberg,* 46 Misc 2d 693). It cannot be said that paragraph 7(d) of the agreement is an express provision which conditions continued support payments upon the wife's forbearance from cohabitation with another man. Nor is this provision sufficiently specific to require that notice of this cohabitation be given to defendant (cf. *Birnbaum v Birnbaum,* 70 Misc 2d 462). This court cannot read into the agreement a provision which the parties chose not to insert (see *Nichols v Nichols,* 306 NY 490). Defendant has not otherwise contested the amount specified in the complaint as due and owing. Once plaintiff moved for summary judgment, defendant could not merely rely upon the general denial contained in the answer to create a triable issue of fact (see *Iandoli v Lange,* 35 AD2d 793). However, since plaintiff, at the time she moved for summary judgment, did not also move to amend the complaint so as to include additional arrearages, she will have to commence a new action for any additional amounts due. Hopkins, Acting P. J., Martuscello, Margett, Christ and Shapiro, JJ., concur.