362 So.2d 484 (1978)
Catherine MALOY, Appellant,
v.
Michael W. MALOY, Appellee.
No. 77-1597.
District Court of Appeal of Florida, Second District.
September 20, 1978.
Stephen C. Booth of Richmond & Booth, New Port Richey, for appellant.
H. James Parker of Delzer, Edwards, Coulter & Parker, Port Richey, for appellee.
HOBSON, Judge.
Appellant, Catherine Maloy, appeals that portion of the final judgment dissolving her marriage to Michael W. Maloy which denied specific performance of the parties' antenuptial agreement. She argues that the trial court erred in basing its denial on her misconduct. We agree and reverse that portion of the order which denied appellant the $5,000 she seeks.
The parties were married on September 6, 1975. Prior to the marriage, the parties entered into an antenuptial agreement providing, inter alia, that both parties waived any right to alimony from the other, and in consideration for appellant's waiver, appellee would pay her $5,000 within 90 days of the institution of a divorce action. They separated in early May, 1977. Appellant filed her petition for dissolution on May 31, 1977, incorporating the antenuptial agreement by reference and seeking a $5,000 judgment in accordance with its terms. Appellee filed a Demand for Admissions *485 stating, "Please admit or deny that between September 6, 1975 and the date of answering these Demands for Admissions, that you have committed adultery with an adult male other than Michael Maloy." In her response filed August 30, 1977 (the morning of the hearing), appellant answered, "The Petitioner admits that sometime after September 6, 1975, she committed adultery." At the hearing, appellant further admitted that another man had spent the night in her apartment the night before. There is nothing in the record to indicate whether or not the adultery occurred after appellant's separation from appellee or if it was the same instance admitted at the hearing.
Neither party challenges the validity of the agreement itself.
While it is true that Section 61.14, Florida Statutes (1975) permits judicial modification of agreements concerning alimony, this statute is inapplicable here. The parties' agreement provided for her waiver of alimony. The trial court erred in interpreting this provision as, in effect, a provision for alimony. See Underwood v. Underwood, 64 So.2d 281 (Fla. 1953).
As to the effect of appellant's misconduct on the validity of the antenuptial agreement, we look to the intent of the parties at the time of execution. The parties executed an agreement which specifically provided for the possibility of a future dissolution. Obviously, some misconduct on the part of one or both of the parties was a factual possibility contemplated at that time. Appellee argues that appellant's misconduct constituted a breach of the marital covenants sufficient to destroy the underlying consideration for the antenuptial agreement. If this were the case, antenuptial agreements providing for the contingency of future dissolution would fail when the contingency materialized. It is difficult to imagine circumstances which would provide the impetus for a dissolution where there was absolutely no breach of the duties and obligations of the marital covenants by either party. Appellee's theory would undermine the very purpose of the dissolution provision of this agreement. If he had intended for appellant's subsequent misconduct to extinguish the mutual promises in the agreement, he should have made this requirement clear in the agreement. We will not supply that limitation for him. See Walter v. Walter, 37 Del. Ch. 35, 136 A.2d 202 (1957); Gutman v. Gutman, 51 A.D.2d 535, 377 N.Y.S.2d 641 (1976); Wilson v. Atwood, 63 App.D.C. 80, 69 F.2d 398 (1934); 30 C.J. 1065 (authorities collected).[1] The record in this case does not reveal that degree of gross marital misconduct which could be considered to have been beyond the contemplation of the parties at the time they entered into the agreement. Further, the record does not show nor does appellee allege fraud on the part of appellant which, if proved, could provide a basis for invalidating the agreement.
Therefore, that portion of the final judgment denying appellant the $5,000 provided for in the antenuptial agreement is vacated and the cause remanded with instructions to amend the final judgment to include an award to appellant of $5,000 in accordance with the terms of the antenuptial agreement.
GRIMES, C.J., and BOARDMAN, J., concur.
NOTES
[1] Although the cases cited deal with postnuptial separation agreements, we feel the logic applies to antenuptial agreements as well under the circumstances of the instant case.