Louis B. Heller, J.
In this matrimonial proceeding there are four separate motions before ithe court, three by the defendant and a cross motion by the plaintiff. Defendant, plaintiff’s former wife, moves for an order to sequester the plaintiff’s property and to appoint her receiver; money judgments for arrears of alimony and for the breach of a car lease; and for an order directing a wage assignment pursuant to section 49-b of the Personal Property Law. Plaintiff cross-moves for an order modifying downward, from $150 to $50 per week, the alimony payable :to the defendant on the ground that she is living with a man as husband and wife although not married to him.
Plaintiff’s cross motion is the crux of the issues now before the court. An understanding thereof necessitates a recital of the facts when ¡the action was first commenced. The trial of the divorce action by the plaintiff husband against the defendant wife took place from August 17 to August 21, 1970 before a Justice of this court. On the latter date the court found that the plaintiff sustained the ¡allegations of his complaint for divorce based upon the defendant’s cruel and inhuman treatment and was entitled to a judgment. The defendant wife’s counterclaim was dismissed. However, before the judgment was submitted for signature and upon the suggestion of the *725 court the parties and their respective attorneys entered into a lengthy discussion concerning, inter alia, support for the defendant, custody, visitation, and the disposition of the marital home. The parties reached an agreement with respect to these matters whereupon the court stated: “In other words, the parties have consented that regardless of the Court’s decision the plaintiff agreed to support the defendant, and plaintiff, defendant, and their attorneys have agreed to the various provisions of ¡support and custody and visitation of the children between them. There ¡now follows a stipulation on consent by the attorneys, and I would ask the attorney for the plaintiff to set forth that stipulation, subject of course to any corrections that may be made by the Court or counsel. The said stipulation is to be incorporated in the decree, the entry of which the defendant’s attorney consents.” Whereupon plaintiff’s counsel dictated the stipulation on the record. The court then inquired of both parties if they understood the terms of the .stipulation and agreed to its terms. They replied in the affirmative. Pursuant thereto custody of the children was awarded to the plaintiff. The stipulation, as herein pertinent, further provided: “ The plaintiff during his lifetime shall pay to the defendant during her lifetime ,or until her remarriage, whichever event first occurs, for'her support and maintenance the merged sum of $150 per week * * * commencing with August 27, 1970 and each Thursday thereafter.” (Emphasis added.)
On September 2, 1970 a judgment of divorce was duly signed, entry of said judgment having been consented to by the respective attorneys. Included in the judgment is the stipulation, the terms of which are set forth in separate decretal paragraphs. The sixth decretal paragraph on page 5 of the judgment provides: “ Ordered, Adjudged and Decreed that the plaintiff and defendant shall perform each and every paragraph, covenant and condition set forth in the oral stipulation spread upon the record on August 21, 1970 on their part to be performed.”
Things went smoothly, but not for long. Commencing with the first week in November, 1971 the plaintiff unilaterally decided to reduce the alimony to $75 per week from $150 per week for the alleged reason that the defendant was living with a man and holding herself out as his wife. On November 3,1971, by motion presently before the court, plaintiff moved to modify the judgment herein by reducing the alimony to $50 per week based upon, (1) change of financial circumstances (subsequently withdrawn) ; and (2) that defendant was residing with a male as husband and wife.
*726 The matter was set down for a hearing at which over 400 pages of testimony were taken. From the evidence adduced this court is convinced that as soon as the judgment of divorce became effective the defendant took up with one Zeremba and has been living with him continuously. Zeremba made withdrawals from defendant’s savings account, over her indorsement, to the extent of more than $13,000. From the evidence it further appears that the defendant is a confirmed alcoholic, a woman of loose morals who has frittered away her life on liquor and immorality with no comprehension of her responsibilities and obligations to her husband and family.
Concededly, at the time of the divorce plaintiff was under no legal obligation or duty to pay alimony to the defendant and as a matter of law, the court was prohibited from making any award (Domestic Relations Law, § 236; Votta v. Votta, 40 A D 2d 532; Hessen v. Hessen, 33 N Y 2d 406, 410). .However, plaintiff nonetheless agreed to make support payments to the defendant, the reason therefor being immaterial. Now, plaintiff is seeking to modify the amount of alimony so agreed to in the stipulation. In support of his position, plaintiff cites section 248 of the Domestic Relations Law which, in part, states: ‘ ‘ The court in its discretion upon application of the husband on notice, upon proof that the wife is habitually living with another man and holding herself out as his wife, although not married to such man, may modify such final judgment * * * by annulling the provisions of such final judgment # * * directing payment of money for the support of1 such wife.”
While the court is in complete sympathy with the plight of the plaintiff, nevertheless, from the evidence presented, it finds that the statute is of no assistance to the plaintiff. While it is true that the plaintiff could not have been compelled to pay alimony, the indisputable fact is that he voluntarily stipulated and agreed to do so, thereby, for all intents and purposes, waiving the benefit of the statute. Plaintiff obligated himself to support the defendant “ during her lifetime or until her remarriage ”. From a reading of the stipulation it is clear that there were only two events which would terminate the agreement: (1) defendant’s death; (2) defendant’s remarriage. Since neither event has yet occurred, plaintiff is bound by the unambiguous language contained therein (Murray v. Hassman, 26 A D 2d 647).
The stipulation, clear and unambiguous, entered into in open court, dictated by plaintiff’s own counsel in the presence of the parties and their attorneys, is binding like any other valid sub *727 sisting contract and cannot be set aside absent fraud or overreaching (Elyachar v. Elyachar, 43 A D 2d 832). As noted by the Court of Appeals in Nichols v. Nichols (306 N. Y. 490, 496): ‘1 The first and best rule of construction of every contract, and the only rule we need here, is that, when the 'terms of a written contract are clear and unambiguous, the intent of the parties must be found therein * * * The applicability, to separation agreements, of that fundamental rule, has been affirmed by this court on several occasions [citations].”
In Vranick v. Vranick (41 A D 2d 663), referring to the legal effect of a .stipulation between husband and wife, the court stated: “ It is our opinion that as between the parties the stipulation constituted a valid enforceable contract to pay a certain sum for three years as alimony. While plaintiff could properly sue to enforce this agreement, it was error to grant her motion to modify it. The court does not have the power to modify or alter a stipulation in any material detail without the assent of both parties absent fraud or overreaching.” (Emphasis added.)
Unfortunately, the stipulation does not provide for modification or termination upon proof of defendant’s “ immorality ”. This court may not insert this condition therein. The “ terms [of the agreement] have been written by the parties — the court may not rewrite them ” (Rosenberg v. Rosenberg, 46 Misc 2d 693, 697).
Accordingly, plaintiff’s cross motion to modify the judgment must be denied. The defendant may enter a money judgment for the alimony arrears commencing with the first week in November, 1971.
With respect to the breach of the carlease and the defendant’s motion for the arrears in payment, the court finds that plaintiff agreed ‘ ‘ to pay for the entire unexpired term of the lease of the defendant’s automobile, which was to expire in February 1972 ”. Plaintiff stopped making payments in December, 1970. No valid excuse has been advanced by him for such action. Since it appears that the payments as provided in the stipulation, at the rate of $165 per month, were not made by plaintiff from December, 1970 to February, 1972 (a period of 14 months), the defendant’s motion is granted and she may enter judgment therefor for $2,310.
Defendant’s request for additional counsel fees is likewise granted in the sum of $2,000, inclusive of disbursements.
In all other respects defendant’s motion is denied.