Howard A. Levine, J.
The parties to this proceeding were married in 1945. A separation agreement was entered into by them in 1966, which provided for payments for support of $35 a week to the petitioner plus the mortgage and taxes on the marital residence. The terms of the separation agreement were incorporated in the divorce decree granted to petitioner in 1969.
In June, 1970, petitioner brought an enforcement proceed *815 ing in Family Court. That proceeding was resolved by an order made in July, 1970, pursuant to a stipulation in which the separation agreement was abrogated and the decree was modified to provide for payments of alimony to the petitioner in the aggregate sum of $82.50 a week "until such time as [she] remarries”.
The instant proceeding was brought by the respondent to have the aforesaid alimony provision of the modified divorce decree annulled under section 248 of the Domestic Relations Law on the grounds that petitioner has been "habitually living with another man and holding herself out as his wife, although not married to such man”.
The proof established that the petitioner has been living continually with one John Brookins at residences in Watervliet and Lansingburgh, since 1973. A lease was executed by her and Brookins as Mr. and Mrs. Kernan at the Watervliet residence. Their current landlord also testified that when they engaged his premises they introduced themselves to him as husband and wife. This arrangement apparently continued throughout this proceeding. At the last hearing it was verified through the surveillance of a private detective hired by the respondent, conceded by Brookins and finally admitted by petitioner herself, although she had denied it in her initial testimony. Thus, the factual elements required to invoke the applicable provisions of section 248 were clearly established.
Petitioner argues that respondent is barred from invoking section 248 by reason of his voluntary stipulation, in the Family Court in 1970, for the modification of the original divorce decree, wherein he agreed to pay alimony of $82.50 a week until petitioner remarried. Supportive of petitioner’s petition is the holding in Josephs v Josephs (78 Misc 2d 723). In that case, the plaintiff husband obtained a divorce on cruelty grounds, pursuant to a stipulation in which he agreed to pay alimony to his wife until her death or remarriage. The court held that he had thereby waived his rights under section 248, since the stipulation was a binding and enforceable contract. However, the court in the Josephs case overlooked a salient distinction between the legal effect of a pretrial stipulation and a separation agreement. It is well-settled law that unless the parties state otherwise, such a stipulation merges in the judgment and does not survive it. (See Nicoletti v Nicoletti, 43 AD2d 699; Hedaya v Hedaya, 68 Misc 2d 165.) Therefore, the judgment herein as modified in 1970 pursuant *816 to the parties’ stipulation is subject to further modification under both sections 236 and 248 of the Domestic Relations Law.
The legislative history furnished the court by petitioner does not support her contention that section 248 should only be applied in situations where the former wife is being supported by the man with whom she is living. Indeed, the letter to Governor Lehman dated March 24, 1938, by the sponsoring Assemblyman, cites an example similar to the facts disclosed here, namely, where both the ex-wife and her paramour are living on the ex-husband’s alimony payments.
Petitioner’s contention that section 248 is unconstitutional is also rejected. (See Waddey v Waddey, 290 NY 251.) The State, in exercising its traditional power to regulate the marital relationship, can rationally distinguish between persons merely living together in a temporary liaison and the more permanent relationship described in the statute of "habitually living with another man and holding herself out as his wife”. Moreover, discretion is granted to the court under the statute to apply it as the circumstances in each individual case require.
The only remaining question is whether and how that discretion should be exercised in this case. The statute is silent in this respect, but the Legislature has expressed its version of contemporary standards of equity and fairness regarding the economic rights and obligations arising out of marriage in section 236, as incorporated in the Domestic Relations Law in 1962 and amended in 1968. As indicated in the practice commentary to section 236 in McKinney’s edition of the Domestic Relations Law, the court is given broad discretion to fashion an order according to the economic and personal circumstances of the parties, the length of the marriage and "the circumstances of the case” (McKinney’s Cons. Laws of N.Y., Book 14, Domestic Relations Law, § 236, p 136). Indeed, had the predecessor to section 236 vested such broad discretionary power in the court, the necessity for a specific statutory provision to deal with the situation of the ex-wife living with another man and holding herself out as his wife is questionable.
The factors here which favor modification are that there has been a clear establishment of the statutory grounds and that the payments made by the respondent are being applied to the joint living expenses of petitioner and the man with whom she is living.
*817 The factors against modification are the length of the marriage, the physical inability of petitioner to support herself and the fact that if the separation agreement had remained in effect, it would have barred the relief sought here. (See Rosenberg v Rosenberg, 46 Misc 2d 693.)
In my view, a fair balancing of these factors requires the exercise of discretion to reduce the award, rather than either to annul it completely or to permit it to remain intact. While the statute is couched in terms of these two alternative extremes, and has never been applied otherwise in any reported case, the grant of discretion in this portion of section 248, together with the general legislative policy embodied in section 236, as discussed above, permits the court to take a flexible approach to fit the determination to the "circumstances of the case and the respective parties”.
Accordingly, the previous order entered on August 12, 1970, is hereby modified to reduce alimony to the sum of $40 a week. Because of the delays in this proceeding and in its final submission to the court for a decision, fairness would also dictate that this modification be imposed retroactively to March 28, 1975.
The parties and their respective attorneys are directed to appear before the court on August 1, 1975 at 11:00 a.m. for purposes of appropriately adjusting the payments under the order to reflect its retroactive effect and for the payment of arrears if any.