■ In the Matter of EDMUND LYNCH, Respondent, v MARY L. PIERCE, Appellant.—Appeal from an order of the Family Court of Fulton County, entered April 7, 1976, which modified a decree of the Supreme Court entered in an action for divorce by removing therefrom a direction that petitioner pay the balance of the purchase price of respondent's trailer. In April of 1975, the parties herein were parties to a support proceeding in the Family Court of Fulton County. Embodied in the resultant order of support, dated April 2, 1975, was their stipulation that their land in the Town of

Oppenheim was to be divided equally between them with appellant retaining the half containing the trailer and petitioner paying the remaining unpaid balance of the purchase price for the trailer. Subsequently, on June 25, 1975, the parties were granted a divorce by the Supreme Court, Fulton County, and incorporated into the divorce decree was the earlier support order of the Family Court. When appellant thereafter married one Mr. Pierce in the fall of 1975 and she and her children moved into Mr. Pierce's home, petitioner moved in Family Court to have the earlier support order modified so that he would no longer be obligated to make payments on the trailer. Finding that petitioner had been ordered to make the payments so as to provide his former wife and children with a home and that there was no longer a need to continue the payments because his former family was living in a new home, the Family Court modified petitioner's support obligation by ruling that he was no longer required to make the monthly payments on the trailer. This appeal ensued. Appellant's sole contention here is that, absent the assent of the parties, the Family Court was without authority to make the challenged modification because the agreement as to payments on the trailer was the product of a stipulation entered into by the parties in open court and, accordingly, had all the force of a written contract. We disagree. Since the stipulation in question contained no reservation that it was to endure the subsequent entry of judgment, it was clearly merged therein and did not survive (Matter of Hall v Hall, 82 Misc 2d 814, affd 55 AD2d 752, app dsmd 41 NY2d 1008). Such being the case, all that remained in effect was the support order incorporated in the divorce decree, and given the change in circumstances, this the Family Court properly modified (Family Ct Act, § 466, subd [c]). Order affirmed, without costs. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.