■ MARIETTA HOFMEISTER, Respondent, v HAROLD HOFMEIS-

TER, Appellant.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered April 11, 1985 in Ulster County, which, *inter alia,* denied defendant's motion to modify the maintenance provisions of the judgment of divorce previously entered against him.

In June 1981, plaintiff was granted a judgment of divorce against defendant on the ground of cruel and inhuman treatment. An in-court stipulation between the parties, which provided that defendant was to pay $125 per week in maintenance, was merged into the divorce judgment. At the time the stipulation was entered into, plaintiff was living with a male companion and has continued to do so.

In September 1983, defendant made a motion seeking an order modifying the judgment of divorce by either eliminating or reducing his obligation to make maintenance payments to plaintiff. Defendant's motion was denied without prejudice to renew upon presentation of more complete papers. In June 1984, defendant renewed his motion asserting changed circumstances, financial hardship and that plaintiff was habitually living with another man. Plaintiff cross-moved for arrears and counsel fees. Without conducting a hearing, Special Term denied defendant's motion and granted plaintiff's cross motion. This appeal by defendant ensued.

Defendant contends that it was error for Special Term to render its decision without holding a hearing. We cannot agree. Where, as here, the stipulation is merged into the judgment of divorce, the court may modify the judgment upon a showing of a substantial change in circumstances, including financial hardship *(see,* Domestic Relations Law § 236 [B] [9] [b]; *Miklowitz v Miklowitz,* 79 AD2d 795, *lv denied* 53 NY2d 604). If the allegations of the party seeking modification present genuine issues of fact as to whether a substantial change in circumstances has occurred, the court must conduct a hearing to determine whether modification is warranted *(Matter of Sharlot v Sharlot,* 110 AD2d 299; *see, Wyser-Pratte v Wyser-Pratte,* 66 NY2d 715). Here, however, defendant could not possibly have fared better because Special Term resolved the factual allegations regarding the financial conditions of the parties in his favor. The court accepted the figures that defendant supplied regarding his part-time plumbing business and rejected plaintiff's allegation that he made significantly more than was reported. The court also rejected plaintiff's claim that a medical condition prevented her from working. Accordingly, remittal for a hearing would be an exercise in futility in a case like this where the court accepted defen-

dant's primary allegations and still concluded that financial hardship had not been demonstrated.

We are constrained to conclude that defendant's contention of the necessity of a hearing to determine whether his maintenance obligation should be terminated pursuant to Domestic Relations Law § 248 is contrary to case law. In order to terminate support obligations on the ground that his former spouse is cohabiting with another man, the burden is on defendant to "demonstrate both cohabitation and conduct by the former wife amounting to a 'holding out' that she is married to her paramour" (Matter of Bliss v Bliss, 66 NY2d 382, 384-385; see, Northrup v Northrup, 43 NY2d 566). Although cohabitation is admitted in this case, plaintiff denied that she has ever held herself out as her male companion's wife. Defendant's affidavit in support of his June 1984 motion states only that his former wife and her paramour share a bedroom. He does not state that she holds herself out as her paramour's wife. Hence, a hearing was not necessary in order to determine that defendant could not terminate his maintenance obligations pursuant to Domestic Relations Law § 248.

Finally, we find defendant's allegation that his payment of maintenance was conditioned upon plaintiff's residing in a particular place to be unsupported by the facts or the law.

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.