■ LORRAINE M. GERSHEN, Respondent, v WILLIAM G. GERSHEN, Appellant.—In a matrimonial action in which a judgment of divorce had been granted to the plaintiff wife, the defendant husband appeals (1) from an order of the Supreme Court, Suffolk County (Collins, J.), dated March 26, 1985, which denied his motion to modify the judgment of divorce so as to delete the direction that he pay maintenance to the plaintiff and (2), as limited by his brief, from so much of a further order of the same court dated May 7, 1985, as, upon reargument, adhered to the original determination.

Appeal from the order dated March 26, 1985, dismissed. That order was superseded by the order dated May 7, 1985, made upon reargument.

Order dated May 7, 1985, affirmed insofar as appealed from.

The plaintiff is awarded one bill of costs.

Special Term did not err in denying, without a hearing, the

husband's motion pursuant to Domestic Relations Law § 248 to modify the judgment of divorce so as to delete the payment of maintenance to the wife. A former husband who moves to terminate his maintenance payments pursuant to this section must not only demonstrate that his former wife is cohabiting with another man but also conduct by her amounting to "holding herself out" as that man's wife *(Matter of Bliss v Bliss,* 66 NY2d 382). In the instant case there was an insufficient basis upon which to direct a hearing on the issue of whether the holding out requirement was met. Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.