■ LEONARD MASTROGIACOMO, Appellant, v HELENE R. MASTROGIACOMO, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated October 21, 1974, the plaintiff husband appeals from an order of the Supreme Court, Kings County (Rigler, J.), dated October 24, 1986, which denied his motion for the termination of the provisions relating to alimony and medical expenses of the judgment of divorce and of a separation agreement which did not merge in the divorce judgment, and for an examination before trial with respect to the defendant wife's income and assets.

Ordered that the order is affirmed, with costs.

The trial court did not err in denying, without a hearing, the husband's motion pursuant to Domestic Relations Law § 236 (A) (1) and § 248 to modify the judgment of divorce and the separation agreement, which was incorporated but not merged therein, so as to delete the requirement that he pay alimony and the medical expenses of the wife. The husband may challenge the separation agreement only by means of a plenary action *(see, Culp v Culp,* 117 AD2d 700). Therefore, even if this court were to modify downward the alimony provision of the divorce judgment, the wife's contractual rights in the separation agreement could not thereby be impaired *(see, e.g., Kleila v Kleila,* 50 NY2d 277, 283; *King v Schultz,* 29 NY2d 718; *cf.,* Domestic Relations Law § 236 [B] [9] [b]). In any event, the husband failed to sustain his burden of demonstrating a change of circumstances sufficient to require a hearing on his motion to terminate the alimony provision of the judgment *(see, Hickland v Hickland,* 56 AD2d 978, 979; *cf., Levinson v Levinson,* 97 AD2d 458, 459). In order to terminate

his support obligation pursuant to Domestic Relations Law § 248 the husband was required to satisfy a two-pronged test demonstrating both cohabitation and conduct by the wife amounting to "holding out" that she is married to another man *(see, Matter of Bliss v Bliss,* 66 NY2d 382, 387). There is an insufficient basis in the record before us upon which to direct a hearing on the issue of whether the holding-out requirement was met *(see, Gershen v Gershen,* 120 AD2d 641, 642; *Hofmeister v Hofmeister,* 120 AD2d 802). Moreover, at bar, the separation agreement provides for termination of the alimony provision only upon the wife's remarriage or the death of either party. Thus, the terms of the agreement are different from those provided by Domestic Relations Law § 248 and must be enforced by the court absent some overriding public policy reason not present at bar *(see, Scharnweber v Scharnweber,* 65 NY2d 1016, 1017).

We have considered the husband's remaining argument and find it to be without merit. Thompson, J. P., Niehoff, Eiber, Sullivan and Harwood, JJ., concur.