■ 181 LAWRENCE AVENUE REALTY CORP., Appellant, v MEDAS MOVING, OVERSEAS SHIPPING, INC., Respondent.—In two related actions to recover on mortgage notes, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), entered September 13, 1989, as granted the defendant's motion for an interpretation of the stipulations of settlement in the respective actions, to provide that the amount set forth in each was to be paid without interest.

Ordered that the order is affirmed insofar as appealed from, with costs.

We find that the Supreme Court correctly interpreted the stipulations of settlement, concluding that the sum set forth in each was to be paid without interest. The stipulations are identical in all respects except for the monetary terms, and are definite and complete on their face (see, Term Indus. v Essbee Estates, 88 AD2d 823). Therefore, it is unnecessary to go beyond the stipulations to ascertain the intent of the parties, for the intent is to be found in the terms of the stipulations (see, Josephs v Josephs, 78 Misc 2d 723, 727). Paragraph 2 of the stipulation entered into in the first action obligated the defendant to make monthly payments of $750. Paragraph 2 of the stipulation entered into in the second action obligated the defendant to make monthly payments of $1,000. Paragraph 2 of both stipulations were silent as to interest. However, paragraph 4, the default provision in both stipulations, clearly signifies that the parties intended that interest would be paid only upon the defendant's default.

We further find that there is no indication of fraud, overreaching, mistake or any other good cause which would permit this court to relieve the plaintiff from the consequences of the stipulations (see, Hallock v State of New York, 64 NY2d 224, 230; Matter of Frutiger, 29 NY2d 143, 149-150; Matter of Gruntz, 168 AD2d 558; McClain Realty v Rivers, 144 AD2d 216).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Sullivan and Miller, JJ., concur.