■ ESTHER MARKHOFF, Appellant, v PAUL MARKHOFF, Respondent. [639 NYS2d 565] —Crew III, J.

The parties were married in 1963 and divorced in 1991. Insofar as is relevant to this appeal, defendant was directed to, *inter alia*, pay plaintiff $4,000 per month in maintenance until her death or remarriage. Defendant apparently made such payments without incident until June 1993. When defendant failed to make the June 1993 maintenance payment and the July 1993 maintenance and child support payments, plaintiff moved for, *inter alia*, an income deduction order and counsel fees. In response to plaintiff's motion, defendant cross-moved for, *inter alia*, a judgment terminating maintenance payments on the ground that plaintiff was habitually living with another man and holding herself out as his wife. Defendant also sought restitution of all payments made to plaintiff during her period of cohabitation.

Following a hearing, Supreme Court concluded that there indeed was sufficient evidence to find that plaintiff was habitually living with another man and holding herself out as his wife (*see*, Domestic Relations Law § 248) and, by order entered March 24, 1994, terminated defendant's obligation to pay maintenance retroactive to July 22, 1993. Thereafter, in June 1994, defendant moved by order to show cause for a money judgment against plaintiff in the amount of the maintenance paid by him during plaintiff's period of cohabitation and an order restraining plaintiff from selling the marital residence, to which she had been awarded exclusive title and possession, unless the judgment was satisfied or the funds sought were placed in escrow. Plaintiff responded by cross-moving for, *inter alia*, a stay of execution and counsel fees. Supreme Court granted defendant a money judgment against plaintiff but awarded plaintiff a stay of execution pending her appeal. Thereafter, by order entered August 3, 1994, Supreme Court, *inter alia*, denied plaintiff's application for counsel fees. Plaintiff now appeals

from Supreme Court's March 24, 1994 order terminating maintenance and directing restitution and from so much of Supreme Court's August 3, 1994 order as denied her application for counsel fees.

In accordance with Domestic Relations Law § 248, Supreme Court may, in its discretion and upon application of the ex-husband on notice, annul those provisions of a final judgment or order relating to maintenance "upon proof that the wife is habitually living with another man *and* holding herself out as his wife, although not married to such man" (emphasis supplied) (*see*, *Northrup v Northrup*, 43 NY2d 566, 570-571; *Levy v Levy*, 143 AD2d 975, 977; *Gershen v Gershen*, 120 AD2d 641, 642). Based upon our review of the record as a whole, we are of the view that defendant established, by a preponderance of the credible evidence (*see generally*, *Lefkon v Drubin*, 143 AD2d 400, *lv denied, lv dismissed* 74 NY2d 612, 791; *Salas v Salas*, 128 AD2d 849, 852, *lv dismissed* 70 NY2d 747), that plaintiff indeed was habitually living with another man and holding herself out as his wife and, under the circumstances, we cannot say that Supreme Court abused its discretion in terminating maintenance.

In order to demonstrate that plaintiff was habitually living with another man, defendant was required to show that (1) plaintiff had a relationship with another man, (2) she was in fact living with that man as something other than a roommate or housemate, and (3) her cohabitation with him was habitual (*see*, *Pattberg v Pattberg*, 130 Misc 2d 893, 894-895). Here, the record reflects that plaintiff entered into an exclusive relationship with Israel Peled in February 1992; the following month, Peled filed a change of address card and began receiving mail at plaintiff's residence. Although both plaintiff and Peled testified that Peled did not move in with plaintiff until September 1992, the record indicates that as early as June 1992, Peled was writing checks on an account in his name bearing plaintiff's address. The record further reflects that as of July 1992, both of Peled's vehicle registrations bore plaintiff's address and Peled's personal effects had been moved to plaintiff's residence. During their conceded period of cohabitation (September 1992 to September 1993), plaintiff and Peled shared a bedroom and expenses, ate meals together and traveled together. Additionally, Peled maintained a telephone listing under plaintiff's phone number, used the phone line of plaintiff's daughter for his fax machine, and listed plaintiff's residence as his address on his 1992 Federal income tax return. As such, there can be little doubt that defendant established

that plaintiff was habitually living with another man (*compare, Lefkon v Drubin, supra; Salas v Salas, supra*).

Nor can there be any serious dispute that plaintiff held herself out as Peled's wife. In May 1993, plaintiff entered into a brokerage agreement for the sale of her residence. While plaintiff's home was on the market, defendant sent three individuals to plaintiff's home posing as potential buyers, each of whom subsequently testified that plaintiff introduced, identified or referred to Peled as her husband. Additionally, a process server testified that when she attempted to serve Peled with legal papers, plaintiff said he was in the shower and suggested that she return at a later time, stating, in reference to Peled, "my husband takes long showers". Such testimony, coupled with plaintiff's admission that she referred to Peled as her husband in the context of selling the house, plainly constitutes the assertive conduct required to establish that plaintiff held herself out as another man's wife (*see, Northrup v Northrup*, 43 NY2d 566, 571, *supra; Matter of Hall v Hall*, 82 Misc 2d 814, 815, *affd* 55 AD2d 752, *appeal dismissed* 41 NY2d 1008).

As a final matter, we cannot say that Supreme Court abused its discretion in terminating maintenance once it determined that grounds existed for doing so under Domestic Relations Law § 248. Although Domestic Relations Law § 248 is silent with respect to the factors to be considered by Supreme Court in exercising such discretion, based upon a review of the statutory considerations outlined in Domestic Relations Law § 236 (B) (6) (a) (*see, Matter of Hall v Hall, supra*, at 816), we are persuaded that termination of plaintiff's maintenance was appropriate under the circumstances. Accordingly, Supreme Court's March 24, 1994 order should be affirmed.

Turning to plaintiff's application for counsel fees, plaintiff failed to substantiate her claim that defendant's failure to make the maintenance payments in question was willful and, as such, she is not automatically entitled to counsel fees under Domestic Relations Law § 237 (c). Thus, the issue of whether to award counsel fees was committed to Supreme Court's sound discretion and, based upon a review of the materials submitted on plaintiff's application, we cannot say that Supreme Court abused its discretion in denying plaintiff counsel fees. Accordingly, Supreme Court's August 3, 1994 order should be affirmed as well.

Mercure, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the orders are affirmed, without costs.