´JOHN GAU, Respondent, v GERALD G. KRAMER, Appellant. [735 NYS2d 433] —Mercure, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered April 17, 2000 in Broome County, which, *inter alia,* granted plaintiff's motion for a default judgment.

Copies of the duly filed summons and complaint in this legal malpractice action were personally served on defendant in October 1999. Shortly thereafter, defendant served a "limited notice of appearance," alleging that he was appearing only for the purpose of asserting lack of personal jurisdiction based upon violations of CPLR 305 (a) and 503 (a). In the absence of an answer or a motion to dismiss, plaintiff moved for judgment by default in March 2000. Defendant cross-moved to dismiss

---

the complaint. Supreme Court granted the motion and denied the cross motion, prompting this appeal by defendant.

Having failed to serve an answer or timely move to dismiss the complaint, defendant was clearly in default (see, CPLR 3012 [a]; 3211 [f]; 3215 [a]) and, in opposition to plaintiff's motion, defendant offered no excuse for his default. His reliance on defects in the form of the summons—the omission of an index number and the basis for venue (see, CPLR 305 [a])—and/or the improper placement of venue in Broome County where neither party resided (see, CPLR 503 [a]) is misplaced. In the absence of substantial prejudice to a right of a party, the omissions regarding the form of the summons were mere irregularities which did not affect the court's jurisdiction (see, *Matter of City of Amsterdam v Board of Assessors*, 237 AD2d 63; see also, CPLR 2101 [f]). Similarly, the appropriate remedy for improper venue was a change of venue, not dismissal of the action, and defendant's failure to seek a change of venue in accordance with the relevant provisions of CPLR article 5 resulted in a waiver of the objection (see, *Matter of Lucchese v Rotella*, 97 AD2d 645, *affd* 60 NY2d 815). Defendant, an attorney, knew or should have known that the defects did not obviate the need for a response to the summons and complaint other than the limited notice of appearance.* Having elected to pursue a strategy that was destined to result in his default, defendant cannot succeed on his claim that he was unfairly deprived of the opportunity to defend on the merits. Accordingly, there is no basis to disturb Supreme Court's order granting plaintiff's motion.

Cardona, P. J., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

---

* "The only 'limited appearance' recognized under the CPLR is in an action where the sole basis of jurisdiction is the attachment of a defendant's property" (*Matter of Rent Stabilization Assn. v New York State Div. of Hous. & Community Renewal*, 252 AD2d 111, 116 n 3 [citations omitted]).