■ SHARON C. HARRINGTON, Respondent-Appellant, v LEIGH E. HARRINGTON, Appellant-Respondent. [775 NYS2d 379]—Peters, J. (1) Cross appeals from an order of the Supreme Court (Coccoma, J.), entered March 7, 2003 in Otsego County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court, and (2) appeal from an order of said court, entered July 10, 2003 in Otsego County, which, inter alia, denied defendant's motion to correct the distribution of certain assets.

After a trial in May 2001, Supreme Court resolved numerous issues, including the equitable distribution of the parties' property, in connection with their action for a divorce. Qualified Domestic Relations Orders (hereinafter QDRO) were issued. One such order originally awarded plaintiff $140,060.30 as "one-half ($\frac{1}{2}$) of the balance in [defendant's 401K] account as of April 2, 2001." It was later amended to permit the transfer "in kind." Upon appeal, this Court upheld the distribution of property, but found that plaintiff should have been awarded maintenance and a $5,000 credit for repairs that she had made to the marital residence (300 AD2d 861 [2002]). These issues, along with a direction to clarify whether defendant's certificate of deposit was distributed, were remitted to Supreme Court. After a hearing, Supreme Court ordered defendant to pay weekly maintenance in the amount of $200 until plaintiff died, remarried or attained 67 years of age; plaintiff was issued a credit of $5,000 from the proceeds of the sale of the marital residence.

After plaintiff received 5,922.4274 shares of stock in accordance with the amended QDRO, defendant moved for an order directing a partial return of those shares, reasoning that plaintiff was entitled to one half of the *amount*, not the *value*, of the shares held in the account on April 2, 2001. By order entered July 10, 2003, Supreme Court disagreed, finding its earlier determination "clear and unambiguous." Both parties appeal from

the order entered on remittal and defendant appeals from the order denying his motion for a corrective order.

Having already found that plaintiff is entitled to an award of maintenance and it being settled that the amount and duration thereof are issues vested in the trial court's sole discretion (*see* *Smith v Smith*, 1 AD3d 870, 872 [2003])—a determination which will not be disturbed if properly supported—we find no error. Supreme Court properly considered all of the requisite factors, which included the duration of the parties' marriage, their health, age, disparity in their earning capacity and their respective incomes and property (*see* Domestic Relations Law § 236 [B] [6]; *Hartog v Hartog*, 85 NY2d 36, 51-52 [1995]). In so doing, Supreme Court properly imputed income to defendant based upon the amount and duration of his severance package and what appears to be his choice to be self-employed even though he has earned no income therefrom since September 2002. We further find Supreme Court's rejection of defendant's testimony to be wholly supported, particularly in light of his prior conduct in this litigation (300 AD2d 861, 864 [2002], *supra*).

Nor do we find error in Supreme Court's denial of defendant's motion for a corrective order. The original QDRO at issue stated plaintiff's entitlement to $140,060.30, "one-half ($^1/_2$) of the balance in the account as of April 2, 2001"; its subsequent amendment which allowed the transfer to be made "in kind" did not change that distribution. As detailed in the order vacating the original QDRO and directing the submission of an amended order, the parties' failed to inform the court that defendant's 401K plan consisted solely of stock; the amendment simply permitted the transfer to be made in kind to avoid a liquidation of assets.

As to our direction to Supreme Court to credit plaintiff for the repairs she made to the marital home, it appears that by the time of the rehearing plaintiff had already obtained title. With the record remaining inadequate to discern whether defendant's certificate of deposit had been distributed, we must again remit these issues for clarification.

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order entered March 7, 2003 is modified, on the facts, without costs, by deleting that portion thereof as directs that plaintiff will receive the first $5,000 with the remaining proceeds to be divided equally upon the sale of the marital residence; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the order entered July 10, 2003 is affirmed, without costs.