■ JOHN SZEMANSCO, JR., Appellant, v MARCIA M. SZEMANSCO, Respondent. [783 NYS2d 681]—

Carpinello, J. Appeal from an order of the Supreme Court (Seibert, Jr., J.), entered June 20, 2003 in Saratoga County, which denied plaintiff's motion to modify the maintenance provisions of the parties' judgment of divorce.

Pursuant to the parties' 1999 judgment of divorce, plaintiff is obligated to pay defendant $400 per week in spousal maintenance until he turns 65 or retires, whichever event occurs later in time (285 AD2d 851 [2001]). In 2003, plaintiff sought to eliminate this obligation on the ground that, among other things, defendant was holding herself out as another man's wife pursuant to Domestic Relations Law § 248. He now appeals from the denial of his motion.

First, we find no error in Supreme Court's denial of plaintiff's motion without a hearing. In order to succeed, plaintiff had to demonstrate that defendant was cohabiting with another man and that her conduct amounted to holding herself out as that

man's wife (*see Matter of Bliss v Bliss*, 66 NY2d 382 [1985]). While cohabitation was clearly established, as there is no doubt that defendant is living with another man, plaintiff did not present a genuine issue of fact as to the latter requirement such that a hearing was required (*see Gershen v Gershen*, 120 AD2d 641, 642 [1986]; *Hofmeister v Hofmeister*, 120 AD2d 802, 803-804 [1986]; *see also Mastrogiacomo v Mastrogiacomo*, 133 AD2d 671, 671-672 [1987]). Even accepting as true his allegations on this point, including evidence that on one occasion defendant referred to this man as her "significant other," plaintiff did not establish that defendant holds herself out as his wife.

Indeed, the burden of proof is quite stringent on this requirement. Conduct similar to that alleged by plaintiff in this case—that defendant shares a residence, telephone number, bedroom and meals with this man and that the two travel, spend holidays and attend family functions together—has been held to be insufficient to establish that one holds oneself out as another's spouse (*see Matter of Bliss v Bliss, supra* at 387; *Northrup v Northrup*, 43 NY2d 566, 571-572 [1978]). As noted by the Court of Appeals, "[t]hat individuals may conform to the life style of a married couple is not enough" (*Northrup v Northrup, supra* at 572). Nor do we find defendant's reference to this other man as her "significant other" as constituting assertive conduct demonstrating a holding out on her part (*cf. Markhoff v Markhoff*, 225 AD2d 1000, 1002 [1996], *lv denied* 88 NY2d 807 [1996]).

Finally, we likewise find no error in Supreme Court's decision to summarily deny that part of plaintiff's motion seeking a reduction in maintenance on the ground of a substantial change in circumstances as plaintiff's allegations were insufficient to demonstrate the existence of any material issue of fact (*see Foster v Jones*, 301 AD2d 853, 853 [2003]).

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.