Sharon C. Harrington, Respondent, v Leigh E. Harrington, Appellant. [823 NYS2d 255]—

Peters, J. Appeal from an order of the Supreme Court (Dowd, J.), entered June 6, 2005 in Otsego County, which denied defendant's motion for modification of a prior order of spousal maintenance.

Following a trial in May 2001, Supreme Court (Coccoma, J.) directed the equitable distribution of the parties' marital assets which included, among other things, the marital residence, a tavern owned by the parties, pension benefits, defendant's 401K plan and proceeds from the sale of vacant land. This Court modified that judgment, on appeal, regarding the denial of maintenance to plaintiff and other issues which are not relevant here (300 AD2d 861 [2002]). Upon remittal, plaintiff was awarded, among other things, maintenance in the amount of $200 per week until she died, remarried or attained the age of 67. On appeal of that order, we affirmed the award of maintenance, as well as Supreme Court's denial of defendant's motion for a corrective order pertaining to the distribution of his 401K plan. Other issues, tangential to the current matter, were remitted to Supreme Court (6 AD3d 799 [2004], *lv dismissed* 3 NY3d 738 [2004]).

In January 2005, defendant sought to modify his maintenance obligation pursuant to Domestic Relations Law § 236. Supreme Court (Dowd, J.) denied defendant's motion by finding the grounds to have already been considered by the trial and appellate courts; there was no substantial change of circumstances to warrant a modification.

Upon this appeal of that order, we find no abuse of discretion (*see* Domestic Relations Law § 236 [B] [9] [b]; *Hall v Hall*, 22 AD3d 979, 980-981 [2005]; *Stricos v Stricos*, 309 AD2d 1047, 1048 [2003]). Nor do we find error in Supreme Court's failure to conduct a hearing before rendering that determination since defendant's allegations were either conclusory (*see Foster v Jones*, 301 AD2d 853, 853 [2003]; *Mishrick v Mishrick*, 251 AD2d 558, 558 [1998]) or duplicative of issues previously addressed by this Court (6 AD3d 799, 800 [2004], *supra*). Having failed to show viable factual issues indicating a change in circumstances, we agree that no hearing was required (*see Szemansco v Szemansco*, 11 AD3d 787, 787-788 [2004]; *Foster v Jones, supra* at 853; *Mishrick v Mishrick, supra* at 558).

Cardona, P.J., Mercure, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, without costs.