MARCIA BLISH, Respondent, v ANTHONY F. MAZER, Appellant. [848 NYS2d 718]—

Lahtinen, J. Appeal from an order of the Supreme Court (Work, J.), entered December 29, 2005 in Ulster County, which denied defendant's motion to dismiss the complaint.

Plaintiff brought this divorce action in Supreme Court, Ulster County, based upon her residence there. In his pro se answer, defendant, among other things, challenged plaintiff's choice of venue, alleging that she was not a resident of Ulster County, and he moved to dismiss the action on that basis. Plaintiff promptly submitted an affidavit to Supreme Court explaining her living arrangements and averring that she was a resident of Ulster County at the time she commenced the action and that she continued to be. Defendant then tendered an affidavit alleging that plaintiff resided in Delaware County, but claimed no first-hand knowledge of this fact and offered no documentary or other evidence to support his assertion. Crediting plaintiff's affidavit, Supreme Court concluded that venue was proper and denied defendant's motion to dismiss. Defendant now appeals.

We affirm. Plaintiff's affidavit, which was uncontradicted by competent evidence, was sufficient to establish that she resided in Ulster County at the time the action was commenced (*see Delia v Winter Bros.*, 183 AD2d 1006, 1006-1007 [1992]; *see generally* CPLR 503 [a]). Furthermore, inasmuch as he had no

actual knowledge of plaintiff's residence and presented no additional evidence in support of his claim, defendant's affidavit was patently insufficient to raise a genuine issue of fact with respect to plaintiff's county of residence (*compare Collins v Glenwood Mgt. Corp.*, 25 AD3d 447, 448-449 [2006]) and Supreme Court did not abuse its discretion in denying defendant's motion without a hearing (*see Harrington v Harrington*, 33 AD3d 1148, 1149 [2006]; *Szemansco v Szemansco*, 11 AD3d 787, 787-788 [2004]). In any event, as Supreme Court correctly observed, under these circumstances dismissal of the action—the relief requested by defendant—is not the remedy for initiation in an improper venue; instead, transfer to the appropriate venue upon a party's motion is the appropriate relief (*see Gau v Kramer*, 289 AD2d 804, 805 [2001]).

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.