Garry, J.
 

 Appeal from an order of the Supreme Court (Faughnan, J.), entered September 12, 2016 in Tompkins County, which denied plaintiff’s motion to enforce the terms of the parties’ stipulation of settlement.
 

 Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) entered into a stipulation of settlement in their divorce action that provided, among other things, that the husband would make maintenance payments to the wife. As pertinent here, the stipulation further provided that the husband’s maintenance obligation would terminate if the wife cohabited with another man under certain circumstances. The stipulation was incorporated but not merged into the parties’ September 2014 judgment of divorce. In August 2016, the husband moved by order to show cause to terminate his maintenance obligation on the ground that the wife was cohabiting with another man. Supreme Court found that this contention should have been raised in a plenary action and denied the motion without prejudice. The husband appeals.
 

 A settlement agreement that has been incorporated but not merged into a judgment of divorce is an independent contract binding upon both parties (see Merl v Merl, 67 NY2d 359, 362 [1986]; Allard v Allard, 145 AD3d 1254, 1256 [2016]; Barlette v Barlette, 95 AD3d 1624, 1624-1625 [2012]).
 
 *
 
 A party wishing to modify or rescind such an agreement after the entry of judgment must ordinarily commence a plenary action (see Grieco v Grieco, 307 AD2d 488, 488 [2003]), although failure to do so is not always a fatal defect (see MacDonald v Guttman, 72 AD3d 1452, 1455 [2010]; Banker v Banker, 56 AD3d 1105, 1107 n 2 [2008]; Brender v Brender, 199 AD2d 665, 666 n 2 [1993]). In contrast, a party seeking to enforce a settlement agreement may do so by motion and need not commence a plenary action (see Caren EE. v Alan EE., 124 AD3d 1102, 1103 [2015]; Rawlings v Rawlings, 50 AD3d 998, 999 [2008]; Luisi v Luisi, 6 AD3d 398, 400 [2004]; see also Bishopp v Bishopp, 104 AD3d 1121, 1122 [2013]). Here, the husband does not seek to alter or rescind the stipulation of settlement, but rather to enforce the terms of the provision relative to his maintenance obligation. Thus, he was not required to commence a plenary action, and his motion should not have been denied on that basis.
 

 Nevertheless, we affirm, finding that the motion was properly denied upon a different ground. The question presented by the husband’s motion is strictly one of contractual interpretation— that is, whether the circumstances of the wife’s cohabitation meet the requirements set out in the stipulation for the termination of the husband’s maintenance obligation. There are no significant factual disputes; the parties agree as to the pertinent details of the wife’s living situation, which are fully detailed in the record, and disagree only as to the resulting legal conclusions. In the interest of judicial economy, we exercise our independent authority to review the evidence and resolve the matter (see Lounsbury v Lounsbury, 300 AD2d 812, 816-817 [2002]), and reject the husband’s contention that the matter should be remitted for a hearing (see Szemansco v Szemansco, 11 AD3d 787, 787-788 [2004]).
 

 The parties’ stipulation of settlement provides that the husband’s maintenance obligation will terminate when two conditions are both satisfied: the wife must cohabit “permanently]” with a man who is not her spouse, and she and this individual must hold themselves out to be married pursuant to Domestic Relations Law § 248 and Northrup v Northrup (43 NY2d 566 [1978]). The cited statute provides that a court may annul a judgment provision requiring a spouse to pay maintenance “upon proof that the payee is habitually living with another person and holding himself or herself out as the spouse of such other person, although not married to such other person” (Domestic Relations Law § 248). In Northrup, the Court of Appeals interpreted the statutory holding out requirement to necessitate more than proof that two individuals “conform to the life style of a married couple” (Northrup v Northrup, 43 NY2d at 572). In addition to the evidence that establishes cohabitation, the statute further requires separate proof that a payee spouse and another individual held themselves out as spouses. This proof need not establish that a payee spouse has expressly claimed to be married, but there must be evidence of “some assertive conduct” that goes beyond sharing a residence (id. at 571 [internal quotation marks and citation omitted]). As illustrative examples, the Court noted that the statutory requirement might be satisfied by such conduct as asking to be listed in a telephone directory as a spouse under the other individual’s surname, or changing the payee spouse’s name on a joint checking account to use the other individual’s surname. Mere evidence that the payee spouse had lived habitually with another man for six months “failed to establish that [the payee spouse] held herself out as married to another man” (id. at 572).
 

 Here, the record reveals that the wife resided with a man and that she had been described in a newsletter published by his employer as his “partner.” There was evidence that the wife had co-signed a lease with her male companion and had listed him as the contingent beneficiary on her life insurance policy. There was no proof that she had described him as her spouse in these or any other instances (compare Markhoff v Markhoff, 225 AD2d 1000, 1002 [1996]). The parties disagreed as to the extent to which the wife and her companion shared household expenses, but it is well established that the pooling of economic resources does not, without more, establish that two individuals are holding themselves out as spouses (see Matter of Bliss v Bliss, 66 NY2d 382, 387 [1985]). There was no evidence that the wife had ever used her companion’s surname nor of any other “conduct by [the wife,] either through direct action or by implication, indicating that she ever wished anyone to believe that she was married to [her companion]” (id. at 388). This proof does not rise to the level required to establish that the wife held herself out as another man’s spouse within the meaning of Northrup and Domestic Relations Law § 248 (see Szemansco v Szemansco, 11 AD3d at 788).
 

 The “clear and unambiguous” language of the parties’ stipulation expressly requires a higher level of proof before the husband’s maintenance obligation may be terminated (Rainbow v Swisher, 72 NY2d at 109). Thus, we need not determine whether the evidence satisfies the stipulation’s additional requirement of “permanent” cohabitation. Supreme Court’s order denying the husband’s motion to terminate his maintenance obligation will not be disturbed.
 

 Peters, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
 

 Ordered that the order is affirmed, without costs.
 

 *
 

 We are unpersuaded by the husband’s argument that the divorce judgment was not yet final. He now contends that the judgment erroneously stated that the stipulation fully resolved the matter, but he raised no such objection when the judgment was entered, and took no appeal. He is thus bound by its terms (see Rainbow v Swisher, 72 NY2d 106, 110 [1988]).