German v German (2018 NY Slip Op 00953)





German v German


2018 NY Slip Op 00953


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1531 CA 17-01196

[*1]PETER GERMAN, PLAINTIFF-APPELLANT,
v
SHEILA G. GERMAN, DEFENDANT-RESPONDENT. 






KELLY WHITE DONOFRIO LLP, ROCHESTER (DONALD A. WHITE OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HANDELMAN, WITKOWICZ & LEVITSKY, LLP, ROCHESTER (STEVEN M. WITKOWICZ OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Ontario County (Daniel P. Majchrzak, R.), entered November 10, 2016 in a divorce action. The judgment, inter alia, equitably distributed marital property of the parties. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing defendant's share of the Canandaigua National Bank Investment Account to $36,780.25 and by vacating the fifth decretal paragraph and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Ontario County, for further proceedings in accordance with the following memorandum: Plaintiff husband appeals from a judgment of divorce that, inter alia, equitably distributed the parties' marital property. Initially, we agree with the husband that Supreme Court made a mathematical error regarding the value of the Canandaigua National Bank Investment Account, and we therefore modify the judgment by reducing defendant wife's share thereof to $36,780.25. Moreover, the court did not adequately enumerate the type or amount of the credits to which the husband is entitled as an offset against his retroactive maintenance obligations, nor did it set forth its rationale therefor, and we thus cannot intelligently review the parties' contentions with respect to those credits. We therefore further modify the judgment by vacating the fifth decretal paragraph and remit the matter to Supreme Court for clarification of the credits to which the husband is entitled (see Klauer v Abeliovich, 149 AD3d 617, 617-618 [1st Dept 2017]; Harrington v Harrington, 6 AD3d 799, 800 [3d Dept 2004], lv dismissed 3 NY3d 738 [2004]; Kaplan v Kaplan, 192 AD2d 343, 343-344 [1st Dept 1993]). We have reviewed the husband's remaining contentions and conclude that they are without merit.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court